MADDOX, Justice.
This case involves a dispute between, on the one side, a mortgagor, Business Realty Investment Company, Inc. (“BRIC”), and its president, Rick Bentley, and, on the other side, the City of Birmingham (the “City”) over the amount the mortgagor must pay the City in order to redeem certain property.
The issue presented to the trial court was whether BRIC was required to pay the purchase price paid by the City when it foreclosed on the mortgaged property and purchased it at a foreclosure sale ($163,874) or whether BRIC was required to pay the total amount of the outstanding debt secured by the mortgage ($312,861). The trial court entered a summary judgment in favor of BRIC, based on its determination that the question of the amount BRIC was required to pay to redeem the property had been decided in a prior action between these parties. The appeal in that prior action is reported as Business Realty Investment Co. v. City of Birmingham, 739 So.2d 523 (Ala.Civ.App.1999). The City appeals. We affirm.
Many of the facts involved in this case are set out in the opinion of the Court of Civil Appeals in the earlier case. See Business Realty Investment Co. v. City of Birmingham, 739 So.2d 523. We quote from that opinion to provide a better understanding of the issues presented by this present appeal:
“In 1989, Business Realty Investment Company, Inc. (‘BRIC’), and its president, Rick Bentley, entered into an agreement with the City of Birmingham (‘the City’) providing that the City would loan BRIC $320,000 to develop a Birmingham subdivision (‘Westhaven’). The City secured the loan by a mortgage on the Westhaven property. On November 12, 1997, Bentley and BRIC sued the City, seeking a temporary restraining order to prevent the City from foreclosing on the Westhaven property. ■The trial court denied the request for the restraining order and the City held a foreclosure sale on November 19, 1997, wherein it purchased the Westhaven property for less than the outstanding balance of the loan. On January 7,1998, BRIC and Bentley amended their complaint to state claims against the City alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure. The City counterclaimed, alleging breach of contract and fraud; it sought to recover the amount of the loan and damages based on fraud allegedly committed by BRIC and Bentley.
“The case was tried before a jury on September 14, 1998. At the close of all the evidence, the trial court dismissed Bentley’s individual claims and BRIC’s claim of breach of the implied covenant of good faith and fair dealing. The City dismissed its counterclaim alleging fraud. The case was tried on BRIC’s claims alleging wrongful foreclosure and breach of contract and on the City’s counterclaim alleging breach of contract. The jury returned its verdict on September 17, 1998, finding in favor of the City on BRIC’s claims and finding in favor of BRIC on the City’s counterclaim. The trial court entered a judgment on September 18, 1998, in accord with the verdict. Neither party filed any post-judgment motions.
“On October 21, 1998, BRIC gave notice to the City that it was exercising its statutory right to redeem the Westha-ven property pursuant to § 6-5-252, Ala.Code 1975. [On] October 28, 1998, the City filed a motion for relief from the judgment, pursuant to Rule 60(b)(5) and (6), Ala.R.Civ.P., seeking to set *1203 aside the judgment entered on the jury’s verdict on the ground that the judgment was unjust in light of BRIC’s intent to redeem the property. On November 19, 1998, the trial court denied the City’s Rule 60(b) motion.
“BRIC appealed to the Supreme Court of Alabama, and the City cross-appealed; that court transferred the appeals to this court, pursuant to § 12-2-7, Ala.Code 1975.”
739 So.2d at 524-25 (footnote omitted).
In that earlier case, as stated above, the City declared BRIC in default on its Wes-thaven loan and made a demand for payment. BRIC failed to pay; the City foreclosed on its mortgage and purchased the property for $163,874. The City also asserted, in that earlier action, a deficiency against BRIC in the amount of $148,987. The jury returned a verdict in favor of the City on BRIC’s claims and in favor of BRIC on the City’s counterclaim.
On appeal in that earlier case, the City argued that the jury’s verdict was inconsistent, asserting that the Westhaven financing agreement was a simple mortgage-and-loan transaction, so that the verdict finding that BRIC did not breach its contract, and that the City did not wrongfully foreclose, must be inconsistent. The Court of Civil Appeals held:
“This argument is undermined by the complexity of the contracts and agreements in this case. The record in this case shows evidence to support the conclusion that BRIC’s obligations under the various repayment agreements became distinct from its security obligations under the mortgage. Thus, the jury could have concluded that BRIC did breach its obligations under an agreement subject to the mortgage, thereby providing the City with the basis for a valid foreclosure, but that BRIC later agreed to new repayment obligations in the loan-repayment agreement, which obligations it did not breach. In the absence of the transcript of the hearing on the Rule 60(b) motion, we cannot conclude that the City’s argument that the verdict was inconsistent rendered the judgment so inequitable that the trial court abused its discretion in denying Rule 60(b) relief.”
739 So.2d at 529-30.
The Court of Civil Appeals held that the jury’s verdict in that action was not inconsistent and affirmed the judgment of the trial court. Apparently, the City did not seek certiorari review of the Court of Civil Appeals’ decision.
Following the appeal in that action, BRIC filed this present action, pursuant to § 6-5-147 et seq., Ala.Code 1975, to require the City to allow it to redeem the property in question for the amount paid by the City at the foreclosure sale, rather than for the total amount outstanding on the mortgage. The trial court entered a summary judgment in favor of BRIC, stating:
“BRIC has the right to exercise its statutory right of redemption by paying $163,874.00, plus interest through October 31, 1998, and all other lawful charges provided for in § 6-5-253, Code of Alabama 1975. The Court finds that BRIC is not required to pay any balance due on the debt because of the verdict in its favor on the City of Birmingham’s counterclaim in the earlier litigation between these parties.”
The basic issue before this Court is whether the trial court erred in entering the summary judgment in favor of BRIC based on the ground that the issue of the amount BRIC owed the City had been determined in the prior action.
The City contends that because BRIC is the debtor and is seeking to redeem the property from the City, “who at the time of redemption owned the debt for which the property was sold,” BRIC must pay not only the purchase price paid by the *1204 City for the property at the foreclosure sale, but also “any balance due on the debt,” see § 6-5-253(a)(4), Ala.Code 1975,[1] in order to redeem the property. The City points out that even the Court of Civil Appeals’ opinion in the earlier case recognizes that BRIC’s obligation to pay the total loan amount was not invalidated by .the jury’s verdict.[2] In short, the City asserts that BRIC must pay the total amount remaining on the debt ($312,861) in order to redeem the property. See § 6 — 5—253(a)(4), Ala.Code 1975.
BRIC counters that argument by contending that, by the doctrine of res judica-ta, the jury’s verdict denying the City’s counterclaim for the total amount outstanding on the loan indebtedness bars the City from demanding payment of the total outstanding amount on the loan in order for BRIC to redeem the property.
We agree with the trial judge’s finding “that BRIC is not required to pay any balance due on the debt because of the verdict in its favor on the City of Birmingham’s counterclaim in the earlier litigation between these parties.” Consequently, we agree with BRIC’s argument that the City’s claim in this action is barred by the doctrine of res judicata. For the doctrine of res judicata to apply, four elements must be satisfied: There must have been “(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with the same parties, and (4) with the same subject matter presented in both actions.” Smith v. Union Bank & Trust Co., 653 So.2d 933, 934 (Ala.1995). We find, as did the trial court, that all four elements are present in this case; therefore, we hold that the trial court properly entered the summary judgment in favor of BRIC. That judgment is affirmed.
AFFIRMED.
HOOPER, C.J., and HOUSTON, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.

. Section 6-5-253(a) (4), Ala.Code 1975, reads, in pertinent part:
"If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, the redemptioner must also pay any balance due on the debt, with interest as aforesaid thereon to date.”

. The Court of Civil Appeals stated: "Further, this court finds no basis in the record for concluding that the jury's verdict somehow invalidated BRIC’s obligations to repay the loan under the latest loan-repayment agreement.” 739 So.2d at 530.