EDWARD N. SCRUGGS, Retired Circuit Judge.
The First Alabama Bank of Huntsville (the bank) filed its complaint against Mr. Neal in the district court for the breach of a written credit card agreement. Mr. Neal was served with a copy of the summons and complaint and his answer consisted of a general denial. After a trial in the district court, a judgment was entered for the bank and against Mr. Neal. He promptly appealed to the circuit court where the bank filed a motion for a summary judgment. Mr. Neal made a written “objection” to the bank’s summary judgment motion. The circuit court granted the bank’s motion and rendered a summary judgment for the bank *1112 and against Mr. Neal for $2,875.64. Mr. Neal timely appealed to this court.
When the issues raised by Mr. Neal are considered, condensed and consolidated, his argument is that, after he appealed the case from the district court to the circuit court, the bank did not file in the circuit court, or serve upon him, a new complaint and he contends that the circuit court’s judgment against him is void on that account. The argument here made by him comports with the matters which he raised by his “objection” to the bank’s motion for a summary judgment. Mr. Neal has a misconception of the meaning of the term “trial de novo" in the circuit court after an appeal from a final district court judgment. A trial de novo is concerned with another trial, a new trial, a re-trial of the case and means “trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered.” (Citation omitted.) (Emphasis supplied.) Rudolph v. State, 286 Ala. 189, 238 So.2d 542 (1970); Slaughter v. Martin, 9 Ala.App. 285, 63 So. 689 (1913). There is no requirement that the plaintiff file a new complaint in the circuit court following an appeal from a district court’s final judgment. The trial in the circuit court usually proceeds upon the issues which were made by the pleadings as filed in the district court. However, further or amended permissible pleadings may be filed in the circuit court by any party. The “objection” filed by Mr. Neal to the motion for a summary judgment was baseless. The bank’s supportive affidavit and other matters upon which the summary judgment was granted were not controverted in any meritorious manner by Mr. Neal. Accordingly, the summary judgment as rendered by the trial court is affirmed upon its merits.
Additionally, we are required to affirm this case because Mr. Neal’s brief does not conform with Rule 28(a) of the Alabama Rules of Appellate Procedure since it does not contain the citation of any authority in support of the argument made in the brief. Shory v. Peavy, 431 So.2d 1319 (Ala.Civ.App.1983).
Mr. Neal requests that he be awarded an attorney’s fee on this appeal. That request is denied.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.