In 1976, several persons, including Elsie S. Leckie, executed a promissory note to Union Bank Trust Company ("Union Bank"), secured *Page 934 
by a mortgage in favor of Union Bank on certain real property. In 1993, the note went into default; Union Bank then held a foreclosure sale of the mortgaged property. The sum paid for the property at the sale was less than the amount owed on the promissory note. Union Bank sued to recover the deficiency from Leckie and the other makers of the note.
Leckie, however, died shortly before Union Bank filed the action, and a motion was filed on her behalf to dismiss her from the action. Union Bank then moved to amend the style of its complaint to include "The Estate of Elsie S. Leckie." On July 8, 1993, the trial court granted the motion to dismiss the action against Leckie, individually, and on that same date it denied Union Bank's motion to amend, because, it said, "the estate is not the proper party"; however, in that same order, the trial court stated:
 "[W]ithin ten (10) days of the date of this order, [Union Bank] is allowed to amend the complaint by adding Sam L. Smith as the Executor of the Estate of Elsie S. Leckie, Deceased, as a Defendant."
Union Bank, although it subsequently obtained a default judgment against two of the makers, did not amend its complaint pursuant to the July 8 order. On September 21, 1993, the trial court ordered a scheduling conference for October 6, 1993. On October 6, 1993, the trial court issued the following order:
 "ORDERED, Union Bank Trust Company having failed to timely comply with the Court's order dated September 21, 1993, the remaining claims are dismissed without prejudice and the file is closed."
Soon thereafter, Union Bank filed a new complaint, styled "Union Bank Trust Company v. Sam L. Smith, in his capacity as Executor of and for the Estate of Elsie S. Leckie," seeking a judgment for the deficiency. Smith moved to dismiss the action; on March 22, 1994, the trial court denied Smith's motion to dismiss. We have permitted Smith to appeal from that interlocutory order denying a dismissal. See Rule 5(a), Ala.R.App.P.
Smith contends that the trial court's October 6, 1993, dismissal of Union Bank's action prohibits Union Bank from bringing its subsequent action against Smith as the executor of Leckie's estate. Smith relies on the doctrines of res judicata and collateral estoppel.
For the doctrine of res judicata, or claim preclusion, to apply, the following elements are required: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with the same parties, and (4) with the same subject matter presented in both actions. Ex parte State exrel. Harrell, 588 So.2d 868, 869 (Ala. 1991); see alsoDairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala. 1990). "Where these elements are present, the former suit bars any later suit on the same cause of action, including issues that were or could have been litigated in the prior case." Lott v.Toomey, 477 So.2d 316, 319 (Ala. 1985).
By way of showing the slight contrast, we note that our cases applying the doctrine of collateral estoppel, or issue preclusion, have required the following elements: (1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions. Dairyland Ins. Co., 566 So.2d at 726; see also Constantine v. United States Fidelity Guar.Co., 545 So.2d 750 (Ala. 1989). "Where these elements are present, the parties are barred from relitigating issues actually litigated in a prior suit." Lott, 477 So.2d at 319.
Rule 41(b), Ala.R.Civ.P., provides:
 "Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." *Page 935 
We specifically note that Rule 41(b) states that a dismissal is an adjudication of the merits of the case "[u]nless the courtin its order for dismissal otherwise specifies."
By its October 6, 1993, order, the trial court dismissed Union Bank's claims "without prejudice." If an action is dismissed "without prejudice," there is no adjudication on the merits of the case; the judgment does not bar another lawsuit on the same cause of action unless the words are qualified as to certain claims. In that circumstance, the dismissal would prevent relitigation of the claims not dismissed without prejudice, i.e., the claims dismissed with prejudice. See 50 C.J.S. Judgments § 635 (1947). This Court has held:
 "The words 'without prejudice' in their general adaptation, when used in a decree, mean that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another suit as if no suit had ever been brought. When the words 'without prejudice' appear in an order or decree, it shows that the judicial act done is not intended to be res judicata of the merits of the controversy."
Palmer v. Rucker, 289 Ala. 496, 503, 268 So.2d 773, 780 (1972) (opinion on rehearing) (citations omitted).
Under the circumstances of this case, neither the doctrine of res judicata nor the doctrine of collateral estoppel bars Union Bank's claim. In its October 6, 1993, order, the trial court had the option to dismiss Union Bank's action with prejudice, either expressly through the use of the words "with prejudice," or impliedly. See Ross v. Milner, 194 Miss. 497, 12 So.2d 917
(1943) (holding that a trial court's dismissal not expressly stating "without prejudice" is by implication a dismissal with prejudice). However, as stated above, the trial court dismissed Union Bank's claims without prejudice. The trial court then allowed Union Bank to file a new complaint, properly styled, and it denied Smith's motion to dismiss that new complaint. In dismissing the previous action without prejudice, the trial court was not adjudicating the merits of the action, and its order of dismissal therefore could not be given res judicata effect. Ex parte State ex rel. Harrell, supra. Further, because the dismissal was without prejudice, there was no "actual litigation" for the purposes of collateral estoppel. DairylandIns. Co., supra. Therefore, the trial court's March 22, 1994, order denying Smith's motion to dismiss was not error. That order is affirmed.
AFFIRMED.
ALMON, SHORES, HOUSTON, STEAGALL and COOK, JJ., concur.