CRAWLEY, Judge.
In October 1994, State Farm Mutual Automobile Insurance Company filed an inter-pleader action against Debra C. Barbee and several other defendants. The action arose from a multiple-vehicle accident involving William Michael Bowden, State Farm’s insured. State Farm interpleaded $89,500, the balance of the policy limits after other settlements, into the trial court. Following a hearing, the trial court entered a judgment disbursing the funds among several defendants, including Barbee. In its judgment the trial court stated the following:

“BACKGROUND FACTS

[[Image here]]
“3. ... The Barbee vehicle was insured by Alfa Mutual Insurance Company under a policy of insurance which provided un-derinsured motorist policy limits of $20,000 per person/$40,000 per occurrence. At the time of the collision defendant Barbee had an additional vehicle in her household insured by Alfa with underinsured motorist policy limits of $20,000/$40,000. Alfa Mutual Insurance Company is not a party to this action. The court notes, however, that Alfa, with knowledge of this pending action, has executed a written waiver of sub-rogation against William M. Bowden (the negligent party) and has neither filed an intervention petition nor had counsel appear on anyone’s behalf.
[[Image here]]

“TAKING OF TESTIMONY AND FINDINGS OF FACT

[[Image here]]
“12. ...
[[Image here]]
“D. [Debra] Barbee was insured under ... policies of insurance numbered # A1273506 and # A1204674 by Alfa Insurance Company which provided under-insured motorist coverage on two vehicles in her household in the policy amounts of $20,000 per person/$40,000 per occurrence. It appears to this court that a maximum of $40,000 in underin-sured motorist coverage is available to Ms. Barbee to compensate her for injuries suffered in the accident.
[[Image here]]

“ORDER

[[Image here]]
“1. ... Under said coverage, Alfa is obligated to pay Barbee $40,000.”
In November 1995, Alfa filed a motion for relief from the trial court’s judgment, pursuant to Rule 60(b)(1), (4), and (6), alleging that the judgment is void as to Alfa’s obligation to pay Barbee because, Alfa argued, the trial court did not have in personam jurisdiction over Alfa. Alfa alleged that it was not a party to State Farm’s interpleader action and was never served with process in that action. Alfa further alleged that it did not intervene or enter an appearance in the interpleader action because Barbee had not sued Bowden, State Farm’s insured, or Alfa for underin-sured motorist benefits. Alfa also alleged that it had waived its subrogation rights in order to enable settlement with Bowden. Following a hearing, the trial court amended its judgment by removing the sentence, “Under said coverage, Alfa is obligated to pay Barbee $40,000,” but retained all other references to Alfa.
Alfa appeals, arguing that the trial court should have removed from the judgment all references to it and its policy with Barbee. Alfa contends that the trial court cannot legally order it to pay benefits to Barbee. After examining the references to Alfa in the trial court’s judgment, it appears that the only reference ordering Alfa to pay benefits to Barbee was removed by the trial court upon Alfa’s motion. The other references to *500 Alfa only state the trial court’s findings of fact describing Barbee’s underinsured motorist benefits, but these references do not impose an obligation on Alfa to disburse any underinsured motorist funds to Barbee.
The doctrine of res judicata does not prevent Alfa from litigating its liability pursuant to Barbee’s underinsured motorist coverage, because there has been no adjudication of Alfa’s liability. Smith v. Union Bank & Trust Co., 653 So.2d 933 (Ala.1995). Neither would the doctrine of collateral es-toppel prevent Alfa from litigating its liability, because the issue of its liability pursuant to Barbee’s underinsured motorist coverage was not litigated in State Farm’s interpleader action. Id.
Therefore, we conclude that the trial court did not err in denying Alfa’s Rule 60(b) motion after removing the sentence ordering Alfa to pay Barbee underinsured motorist benefits.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
THOMPSON, J., dissents.