793 So.2d 708 (2000)
Bayless Edward BILES, Jr., and Wilkins, Bankester, Biles & Wynne, P.A.
v.
Charles SULLIVAN et al.
Charles Sullivan, individually and d/b/a Sullivan Machine & Tool Company; and Josephine Sullivan
v.
Ray Morgan Thompson and Armbrecht, Jackson, DeMouy, Crowe, Holmes, & Reeves.
Charles Sullivan, individually and d/b/a Sullivan Machine & Tool Company; and Josephine Sullivan
v.
Mazak Corporation.
1980771, 1980979 and 1980980.
Supreme Court of Alabama.
August 11, 2000.
Rehearing Denied March 30, 2001.
*709 D. Scott Wright and Thomas H. Nolan, Jr., of Brown, Hudgens, P.C., Mobile, for appellants Bayless Edward Biles, Jr., and Wilkins, Bankester, Biles & Wynne, P.A.
Joseph J. Boswell, Mobile; and Mona A. Vivar of Atchison, Crosby, Saad & Beebe, Mobile, for appellants Charles Sullivan, individually and d/b/a Sullivan Machine & Tool Company; and Josephine Sullivan.
Wesley Pipes, Michael C. Niemeyer, and Ryan T. Northrup of Lyons, Pipes & Cook, P.C., Mobile, for appellee Mazak Corporation.
John N. Leach, Jr., Joseph D. Steadman, and John T. Dukes of Helmsing, Sims & Leach, P.C., Mobile, for appellees Ray M. Thompson and Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves.
Donald R. Rhea of Rhea, Boyd & Rhea, Gadsden, for amicus curiae Alabama Trial Lawyers Association.
J. Anthony McLain, general counsel; and Robert E. Lusk, Jr., asst. general counsel, Alabama State Bar, for amicus curiae Alabama State Bar.
Rhonda Pitts Chambers of Rives & Peterson, Birmingham, for amicus curiae Alabama Defense Lawyers Association.
ENGLAND, Justice.
On February 28, 1991, Charles Sullivan and Josephine Sullivan, d/b/a Sullivan Machine & Tool Company sued Mazak Corporation, *710 in the Baldwin Circuit Court, alleging fraudulent misrepresentation, fraudulent suppression, deceit, breach of contract, breach of warranty, and conspiracy to violate §§ 13A-9-11 and 13A-9-12, Ala.Code 1975, after Mazak sold a machine to Sullivan Machine that did not perform up to its alleged expectations. Mazak filed a counterclaim, alleging breach of a lease agreement and unjust enrichment. The jury was struck on March 15, 1993, and the trial commenced on March 17, 1993. Josephine Sullivan was dismissed as a plaintiff in that action before the trial commenced. On March 24, 1993, the trial court entered a judgment in favor of Mazak, based on the jury's verdict. Subsequently, Josephine Sullivan discovered that an attorney hired by Mazak's counsel as a jury consultant was the brother-in-law of the jury foreman. Charles Sullivan filed a motion for relief from judgment, pursuant to Rule 60(b)(6), Ala. R. Civ. P., after learning that the brother-in-law of attorney Bayless Edward Biles, Jr. had served as the jury foreman. When the jury was being struck, the prospective jurors were asked if they knew any of the lawyers at the trial. Prospective juror Pete Jones responded that he knew Biles. The trial judge then asked Biles whether he was "connected with this case," and Biles answered that he was not.
Ray Morgan Thompson, a Mobile attorney hired by Mazak in the Baldwin County action and a partner in the law firm of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, had hired Biles as a jury consultant in regard to the Baldwin County action. Biles is a partner in the law firm of Wilkins, Bankester, Biles & Wynne, P.A. On May 9, 1994, Judge Charles C. Partin, of the Baldwin Circuit Court, entered an order granting Charles Sullivan a new trial, but concluded that Biles had not engaged in any improper conduct. On March 15, 1995, before the second trial of the Baldwin County action, Charles Sullivan and his wife Josephine Sullivan[1] filed a complaint in the Mobile Circuit Court against Bayless Edward Biles, Jr.; Ray Morgan Thompson; Wilkins, Bankester, Biles & Wynne; Armbrecht, Jackson, Demouy, Crowe, Holmes & Reeves; and Mazak, alleging fraud, misrepresentation, and suppression. Charles Sullivan further alleged that in the Baldwin County action he had been deprived of a jury selected in accordance with the laws and rules of procedure of the State of Alabama.[2] The defendants filed motions for summary judgment. On May 10, 1996, Judge Edward B. McDermott placed the Mobile County action on his administrative docket, i.e., delayed it, pending the retrial of the Baldwin County action. On September 14, 1998, after a second trial in the Baldwin County action, the jury awarded Mazak damages of $250,234.12 based on its unjust-enrichment counterclaim. On February 1, 1999, after hearing oral arguments, Judge McDermott entered a judgment in the Mobile County action in favor of Mazak, Thompson, and the Armbrecht law firm. He entered an order denying Biles and Wilkins-Bankester's motion for summary judgment, holding that Biles had *711 had a duty to the court and to all the litigants to speak the truth when he responded to Judge Partin's question regarding his involvement in the Baldwin County action. Judge McDermott further held that the question whether Biles's response was truthful or fraudulent was a question of fact for a jury. He concluded that Biles had acted as an independent contractor, and, thus, that neither Thompson nor the Armbrecht firm was liable to Sullivan. Sullivan appeals the final order of Judge McDermott entering a summary judgment in favor of Thompson and the Armbrecht law firm. Biles and Wilkins-Bankester (by permission of this Court, see Rule 5, Ala. R.App. P.) appeal Judge McDermott's order denying their motions for summary judgment. We affirm in part, reverse in part, and remand.
Ray Thompson, counsel for Mazak, hired attorney Bayless Biles to serve as a jury consultant in the action Sullivan had filed against Mazak in the Baldwin Circuit Court. Biles testified that he was hired to help Thompson pick a jury in that Baldwin County action. Biles did not assist in any other aspect of the case, nor did he sit with representatives of the defendant Mazak or its attorneys. Biles was present when the judge in the Baldwin County action conducted voir dire examination of prospective jurors. Biles met with Mazak's counsel, Thompson, outside the presence of the jury, to discuss which jurors should be struck. The following exchange occurred when Sullivan's counsel questioned prospective jurors:
"MR. GIBSON [Counsel for Charles Sullivan]: Right. Now, you've already been asked if you are related to the lawyers or if you know them in the way the judge has described, a friend and what-not. I would like to know if now having had some more time to think about it, you recognize any of the lawyers here as people that you know for any reason. If you know them, I would like to know that. You know them at all?
"A PROSPECTIVE JUROR: You're talking about within this room?
"MR. GIBSON: Yes, sir.
"A PROSPECTIVE JUROR: I know Bayless Biles.
"MR. GIBSON: Oh, Mr. Biles. Thank you.
"THE COURT: You're not connected with this case, are you?
"MR. BILES: No, sir.
"MR. GIBSON: You are Mr. Jones; is that right? Thank you Mr. Jones."
The prospective juror was Pete Jones, Biles's brother-in-law.
Sullivan later filed in the Baldwin Circuit Court a motion, pursuant to Rule 60(b)(6), for relief from the judgment entered based on the jury's verdict in favor of Mazak. Sullivan alleged in his motion that the defendants had concealed from the Court and from Sullivan's attorneys the true relationship between Biles and the prospective juror, Pete Jones. He further alleged that the defendants' conduct had deprived him of a fair and impartial trial. He requested the following relief in his Rule 60(b)(6) motion:
"(a) Entry of an Order by the Court pursuant to Rule 60(b)(6) granting a new trial in this cause for all of the reasons described in this motion.
"(b) In the alternative, and should the Court for any reason elect not to grant relief requested pursuant to Rule 60(b)(6) ..., then Charles W. Sullivan requests that this action be treated as an independent action filed within a reasonable time not to exceed three (3) years from date of entry of the judgment or order in this matter to set aside the judgement dated March 24, 1993.

*712 "(c) For such other further and different relief as to which he may be entitled, premises considered."
After he had filed the Rule 60(b)(6) motion for relief from judgment, Sullivan filed a complaint in the Mobile Circuit Court, in which he alleged the defendants had, in the Baldwin County action, misrepresented the fact that the jury foreman in that case was Biles's brother-in-law. Sullivan alleged that the defendants had committed fraud, had misrepresented material facts, had omitted material facts, and had suppressed material facts, and that as a result he had suffered emotional distress and anguish, economic injury, and damage to his business and personal reputation. He further alleged that he had been deprived of a jury selected in accordance with the laws and rules of procedure of the State of Alabama, and he sought punitive damages.

Discussion
A summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala. R. Civ. P. The moving party has the burden of showing that no material fact is in dispute. See Lipham v. General Motors Corp., 665 So.2d 190 (Ala.1995). If the moving party makes that showing, the burden then shifts to the nonmovant to present "substantial evidence" creating a genuine issue of material fact. Id. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala. 1989). This Court's "review of a summary judgment is de novo," and in reviewing a summary judgment "[t]his Court must ... view the evidence in a light most favorable to the nonmovant." Lott v. Tarver, 741 So.2d 394, 397 (Ala.1999).
Biles and Wilkins-Bankester argue that the doctrine of collateral estoppel precludes Sullivan from relitigating in the Mobile County action the issue whether in the Baldwin County action they misrepresented or suppressed the fact that the jury foreman was Biles's brother-in-law. For the doctrine of collateral estoppel to apply, the following elements are required:
"(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions."
Smith v. Union Bank & Trust Co., 653 So.2d 933, 934 (Ala.1995). "`Where these elements are present, the parties are barred from relitigating issues actually litigated in a prior [action].'" Smith, 653 So.2d at 934 (quoting Lott v. Toomey, 477 So.2d 316, 319 (Ala.1985)).
Both in his motion for relief from judgment in the Baldwin County action and in his complaint in the Mobile County action, Sullivan alleged that he had been deprived of a fair jury trial because, he said, the defendants had concealed Biles's relationship with jury foreman Pete Jones. Judge Partin held a hearing to determine whether Sullivan was entitled to a new trial, to determine whether any of the defendants had engaged in improper conduct, and to determine what relief, if any, Sullivan was entitled to. He concluded that, although Biles had not acted improperly, Sullivan was entitled to a new trial. It was within the court's discretion not only to grant Sullivan a new trial, but also to sanction the defendants for any improper conduct. A determination whether the defendants concealed or misrepresented Biles's relationship *713 with Jones was necessary to the Baldwin Circuit court's ruling on the motion for relief from judgment. That court had to resolve this issue, because it was the very basis of Sullivan's request for relief from the judgment. Moreover, Sullivan not only sought a new jury trial, but also "such other and different relief as to which he may be entitled." The parties involved in the hearing on Sullivan's request for relief in the Baldwin County action are the same parties that Sullivan named in the complaint in the Mobile County action.
All of the requirements for collateral estoppel are met. Therefore, Sullivan is precluded from relitigating in the Mobile County action the issue whether, in the Baldwin County action, the defendants acted improperly with regard to disclosing Biles's relationship with Jones.
The summary judgment entered for Mazak, Thompson, and the Armbrecht firm is affirmed. The order denying the motions for summary judgment filed by Biles and Wilkins-Bankester is reversed. We remand this case for an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and MADDOX and BROWN, JJ., concur.
HOUSTON, J., concurs specially.
JOHNSTONE, J., concurs in part and concurs in the result in part.
SEE, J., concurs in the result.
LYONS, J., recuses himself.
HOUSTON, Justice (concurring specially).
On February 5, 1988, this Court wrote in a case of first impression in this State:
"Alabama's Code of Professional Responsibility, which is patterned primarily after the ABA Model Code of Professional Responsibility, limits the remedies for violations of Disciplinary Rules to disciplinary measures....
"... [W]e hold that an alleged violation of a Disciplinary Rule of the Code of Professional Responsibility cannot, independently, serve as a legal basis of a civil action for money damages."
Terry Cove North, Inc. v. Marr & Friedlander, P.C., 521 So.2d 22, 23-24 (Ala. 1988).
This holding was codified, as to all acts and omissions occurring after April 12, 1988, in Alabama Code 1975, § 6-5-578(b):
"[T]he fact that a legal service provider violated any provision of the rules of professional conduct shall not give rise to an independent cause of action or otherwise be used in support of recovery in a legal services liability action."
The Alabama Rules of Professional Conduct, effective January 1, 1991, are consistent with the former judicial and legislative pronouncements:
"Violation of a Rule [of Professional Conduct] should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of *714 the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty."
Ala. R. Prof. Conduct, "Scope" (paragraph 6).
Therefore, to the extent that Charles Sullivan, or the Sullivans, base their claim on some alleged independent, private cause of action against the defendant attorneys for an alleged violation of the Alabama Rules of Professional Conduct, the court properly entered the summary judgment, for no such cause of action exists.
JOHNSTONE, Justice (concurring in part and concurring in the result in part).
I concur to affirm the summary judgment in favor of the Mazak Corporation, Thompson, and the Armbrecht firm. I concur in the result to reverse the denial of the motion for summary judgment filed by Biles and Wilkins-Bankester, a ruling we are reviewing on a permissive interlocutory appeal pursuant to Rule 5(a), Ala. R.App. P.
I question whether the elements of collateral estoppel are present as a defense for Biles and Wilkins-Bankester. While the order granting a new trial in the Baldwin County case was appealable, I question whether it constitutes a "prior judgment" sufficient to estop Sullivan in his Mobile County action. Moreover, neither Biles nor Wilkins-Bankester was a party to the Baldwin County action. Thus, no judgment in that action could collaterally estop Sullivan from suing them in Mobile County. Rather, summary judgment in favor of Biles and Wilkins-Bankester is appropriate for the reasons stated in Justice Houston's special writing, which I join.
NOTES
[1] Josephine Sullivan had been dismissed as a party in the Baldwin County action before that case was tried. Consequently, she does not have standing to appeal based on any alleged misconduct that may have occurred in that action. See Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Constr. Co., 466 So.2d 83 (Ala. 1985).
[2] Sullivan also filed a claim for "breach of the Rules of Professional Responsibility" in the Mobile County action. However, this claim was dismissed, based on Sullivan's stipulation.