959 So.2d 135 (2006)
Michael R. PETERSEN and Rebecca C. Petersen
v.
WOODLAND HOMES OF HUNTSVILLE, INC., and Michael W. Friday.
No. 2050637.
Court of Civil Appeals of Alabama.
December 1, 2006.
*136 Melissa D. Endsley of Thomas S. McGrath, P.C., Huntsville, for appellants.
Benjamin R. Rice and Thomas A. Wheat of Spurrier, Rice & Hall, Huntsville, for appellees.
BRYAN, Judge.
The plaintiffs, Michael R. Petersen and Rebecca C. Petersen, appeal from a summary judgment in favor of the defendants, Woodland Homes of Huntsville, Inc., and Michael W. Friday, the president of Woodland Homes. We reverse and remand.
In January 2001, the Petersens contracted with Woodland Homes to purchase a recently built house. After the Petersens moved into the house, defective kitchen cabinets in the house were replaced, pursuant to a manufacturer's warranty. On November 7, 2003, Michael Petersen sued Woodland Homes in the Madison District Court, alleging that Woodland Homes had improperly installed the replacement kitchen cabinets. On March 31, 2004, the district court entered a judgment in favor of Woodland Homes on Petersen's claim. Petersen subsequently appealed the district court's judgment to the Madison Circuit Court for a trial de novo, pursuant to § 12-12-71, Ala.Code 1975. That case was docketed in the circuit court as case no. CV-04-968. Petersen's appeal of the district court's judgment to the circuit court was pending when the summary judgment against the Petersens in the present case was entered and when the Petersens appealed that judgment.
*137 On September 2, 2005, the Petersens filed a complaint against Woodland Homes, Michael W. Friday, and fictitiously named parties in the Madison Circuit Court, alleging suppression, reckless misrepresentation, fraud, willful deception, innocent misrepresentation, negligence, wantonness, breach of the implied warranty of habitability, breach of the implied warranty of good workmanship, breach of expressed and implied warranties, breach of contract, and deceptive trade practices.[1] The claims alleged by the Petersens were based upon these factual allegations in the complaint:
"7. In or about April, 2005, the [Petersens] discovered water leaking into their home around several windows.
"8. Upon investigation, the [Petersens] discovered that the Defendant[s] failed to install weep holes for the brick lentils above the windows as required by the Standard Building Code.
"9. In addition, the Defendants failed to install adequate flashing around the windows and there is excessive mortar around the top of the windows.
"10. Upon further investigation, it was determined that the exterior house wrap was not properly installed and led to further water intrusion into the residence."
On September 29, 2005, the defendants filed a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss the Petersens' action for failure to state a claim upon which relief can be granted, asserting that the doctrines of res judicata and collateral estoppel, i.e., issue preclusion, barred the Petersens' claims.[2] The defendants attached to their motion to dismiss a motion that had been filed by Michael Petersen in case no. CV-04-968, the appeal from the district court's judgment. The attached motion, filed on August 17, 2005, was titled "Plaintiff's Motion to Withdraw Plaintiff's Motion for Leave to Amend Complaint" and stated that Petersen was withdrawing his motion to amend his complaint in case no. CV-04-968. The face of that motion indicated that the motion had been granted by the circuit court on August 18, 2005. The defendants also attached to the motion to dismiss a motion that Woodland Homes had filed in case no. CV-04-968, titled "Defendant's Motion to Strike Plaintiff's Motion for Leave to Amend Complaint and Plaintiff's Amended Complaint."
On October 20, 2005, the Petersens filed a response to the motion to dismiss, arguing, among other things, that their claims were not barred by the doctrine of res judicata or collateral estoppel. On October 31, 2005, the defendants filed an "amended motion to dismiss, or, in the alternative[,] a motion to compel arbitration." Although titled as an "amended motion to dismiss," the motion was only a motion to dismiss insofar as it incorporated the defendants' September 29, 2005, motion to dismiss; the motion essentially was a motion to compel arbitration.
The circuit court held a hearing on the defendants' motion to dismiss and the Petersens' response to that motion on November 4, 2005. On November 8, 2005, the circuit court granted the defendants' motion to dismiss and entered a judgment in *138 favor of the defendants in the present case. The judgment stated that the circuit court considered "testimony and evidence presented" in ruling on the motion to dismiss, but the judgment did not specify the "testimony and evidence" that was pre-sented to and considered by the circuit court.
On December 6, 2005, the Petersens moved the circuit court to reconsider the dismissal, arguing that their claims were not barred by the doctrine of res judicata or collateral estoppel. The "motion to reconsider" was denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P. The Petersens timely appealed to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Rule 12(b), Ala. R. Civ. P., states, in pertinent part: "If, on a motion asserting the defense numbered (6) to dismiss for failure . . . to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. . . ." Although the defendants titled their motion as a motion to dismiss, they submitted in support of that motion filings in Michael Petersen's previously filed action, case no. CV-04-968. Additionally, the circuit court's judgment indicates that the circuit court considered matters outside the pleadings in ruling on the motion to dismiss. In Hornsby v. Sessions, 703 So.2d 932, 937-38 (Ala.1997), the supreme court stated:
"When matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment, Rule 12(b), Ala. R. Civ. P.; this is the case regardless of what the motion has been called or how it was treated by the trial court, Papastefan v. B & L Constr. Co., 356 So.2d 158 (Ala.1978); Thorne v. Odom, 349 So.2d 1126 (Ala.1977)."
Because the circuit court was presented with, and did not exclude from its consideration, matters outside the pleadings, the defendants' motion to dismiss was converted into a motion for a summary judgment. Rule 12(b), Ala. R. Civ. P.; Hornsby v. Sessions, supra. Therefore, in reviewing the circuit court's judgment, we apply the standard of review applicable to summary judgments.
"Summary judgment is appropriate only when `there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.' Rule 56(c)(3), Ala. R. Civ. P., and Dobbs v. Shelby County Econ. & Indus. Dev. Auth., 749 So.2d 425 (Ala.1999). . . . In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra."
Bruce v. Cole, 854 So.2d 47, 54 (Ala.2003).
On appeal, the Petersens argue that the circuit court erred in entering a summary judgment because, the Petersens say, their claims were not barred by the doctrine of res judicata or collateral estoppel. "Res judicata and collateral estoppel are affirmative defenses. Rule 8(c), Ala. R. Civ. P. The party asserting an affirmative defense bears the burden of proving it. Ex parte Ramsay, 829 So.2d 146 (Ala. 2002)." Stewart v. Brinley, 902 So.2d 1, 11 (Ala.2004).
"The essential elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions. If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation. *139 Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725-26 (Ala.1990)."
Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala.1998).
"For the doctrine of collateral estoppel to apply, the following elements must be established:
"`"(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions."
"`Smith v. Union Bank & Trust Co., 653 So.2d 933, 934 (Ala.1995). "`Where these elements are present, the parties are barred from relitigating issues actually litigated in a prior [action].'" Smith, 653 So.2d at 934 (quoting Lott v. Toomey, 477 So.2d 316, 319 (Ala.1985)).'
"Biles v. Sullivan, 793 So.2d 708, 712 (Ala.2000). `Only issues actually decided in a former action are subject to collateral estoppel.' Leverette ex rel. Gilmore v. Leverette, 479 So.2d 1229, 1237 (Ala. 1985) (emphasis added). The burden is on the party asserting collateral estoppel to prove that the issue it is seeking to bar was determined in the prior adjudication."
Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507, 520 (Ala.2002).
The defendants argue that the circuit court correctly entered a summary judgment because, they say, the district court's judgment entered against Michael Petersen operates as res judicata on the Petersens' claims. Michael Petersen appealed the district court's judgment to the circuit court for a trial de novo, pursuant to § 12-12-71, Ala.Code 1975. Section 12-12-71, Ala.Code 1975, provides that, with certain exceptions that are not applicable in this case, "all appeals from final judgments of the district court shall be to the circuit court for trial de novo." "`Alabama cases have consistently held that a trial de novo means an entirely new trial, "as if no trial had ever been had, and just as if it had originated in the circuit court." Cloverleaf Land Co. v. State, 276 Ala. 443, 163 So.2d 602 (1964).'" State v. Reynolds, 887 So.2d 848, 853 (Ala.2004) (quoting Ex parte Palughi, 494 So.2d 404, 408 (Ala.1986)). "A trial de novo . . . means `trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered.'" Neal v. First Alabama Bank of Huntsville, N.A., 440 So.2d 1111, 1112 (Ala.Civ.App.1983)(quoting Rudolph v. State, 286 Ala. 189, 190, 238 So.2d 542, 543 (1970))(emphasis omitted).
In Cloverleaf Land Co. v. State, 276 Ala. 443, 445-46, 163 So.2d 602, 605 (1964), our supreme court stated:
"[W]e held in Thompson v. City of Birmingham, 217 Ala. 491, 492, 117 So. 406(2), 407 [(1928)], `A trial de novo means a new trial "as if no trial had ever been had, and just as if it had originated in the circuit court,'" citing Louisville & N.R.R. Co. v. Lancaster, 121 Ala. 471, 473, 25 So. 733, 735 [(1899)], wherein this court said:
"` . . . The appeal [to be tried de novo], when taken, operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment. The judgment of the justice cannot upon the trial in the circuit court be looked to as a matter of evidence or of estoppel.'"
In Alabama Power Co. v. Thompson, 250 Ala. 7, 14, 32 So.2d 795, 801 (1947), our supreme court stated that a probate court's judgment that is being appealed to *140 a circuit court for a trial de novo does not operate as res judicata or collateral estoppel in a subsequent action. In Thompson, the supreme court stated:
"In this jurisdiction a judgment will operate as res judicata or as estoppel notwithstanding an appeal when the appellate court action is based on a review of the record made below. Corinth Bank & Trust Co. v. Lawler, 218 Ala. 83, 117 So. 620 [(1928)]; Collier v. Alexander, 142 Ala. 422, 38 So. 244 [(1905)]; Viberg v. State, 138 Ala. 100, 35 So. 53, 100 Am. St. Rep. 22 [(1903)].
"But the rule of the cases just above cited is not controlling here because appeals of the kind here involved [a condemnation judgment entered by a probate court] are tried de novo in the appellate court (circuit court). . . .
"The effect of an appeal triable de novo on the order of condemnation appealed from is said to be as follows in Lewis on Eminent Domain, 3d Ed., § 793, p. 1409: `The effect of an appeal where there is a trial de novo in the appellate court is to vacate the decision appealed from until the appeal is disposed of. But if the appeal is dismissed, the decision appealed from is restored to full force and effect.' . . . The same rule is stated generally as to all types of appeals triable de novo in the appellate court in 2 Freeman on Judgments, § 722, p. 1528. See Moss v. Taylor, 73 Utah 277, 273 P. 515 [(1929)]; Silent Automatic Sales Corporation v. Stayton, 8 Cir., 45 F.2d 476 [(1930)]."
250 Ala. at 12-13, 32 So.2d at 800.
Michael Petersen appealed the district court's judgment to the circuit court for a trial de novo, and that case had not yet been adjudicated in the circuit court when the circuit court entered a summary judgment on the Petersens' claims in the present case. Because the circuit court tries de novo the case appealed from the district court's judgment, the district court's judgment is not a final judgment for purposes of res judicata. Thompson, supra; and Cloverleaf Land Co., supra. For the doctrine of res judicata to apply, there must exist "a prior judgment on the merits." Equity Res. Mgmt., 723 So.2d at 636. Because the district court's judgment does not act as a prior judgment on the merits for purposes of res judicata, that judgment does not operate as res judicata on the Petersens' claims.
The Petersens' claims are similarly not barred by the doctrine of collateral estoppel. "`Only issues actually decided in a former action are subject to collateral estoppel.'" Lee L. Saad Constr. Co., 851 So.2d at 520 (quoting Leverette ex rel. Gilmore v. Leverette, 479 So.2d 1229, 1237 (Ala.1985)) (emphasis omitted). As noted, Michael Petersen's appeal of the district court's judgment to the circuit court for a trial de novo means that the circuit court tries the case "`as if no decision had been previously entered.'" Neal, 440 So.2d at 1112 (quoting Rudolph, 286 Ala. at 190, 238 So.2d at 543). Therefore, the district court's judgment did not, in effect, actually decide any issues and would not serve as a bar to the subsequent litigation of those issues. Thompson, supra; and Cloverleaf Land Co., supra. Moreover, we note that the sole issue in the district court case  whether Woodland Homes improperly installed kitchen cabinets  is not identical to any issue in the Petersens' action in the present case, which concerns alleged water damage to the Petersens' house. For the doctrine of collateral estoppel to apply, "`"an issue in [the] prior action [must be] identical to the issue litigated in the present action."'" Lee L. Saad Constr. Co., 851 So.2d at 520 (quoting Biles v. Sullivan, 793 So.2d 708, 712 (Ala.2000), quoting in *141 turn Smith v. Union Bank & Trust Co., 653 So.2d 933, 934 (Ala.1995)).
In moving for a summary judgment, the defendants failed to establish that the doctrine of res judicata or collateral estoppel barred the Petersens' claims. Accordingly, we reverse the summary judgment in favor of the defendants, and we remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, J., concurs in the rationale in part and concurs in the result, with writing, in which CRAWLEY, P.J., and MURDOCK, J., concur.
THOMPSON, J., concurs in the result, without writing.
PITTMAN, Judge, concurring in the rationale in part and concurring in the result.
I am not convinced that the circuit court's consideration of materials that were filed in Michael Petersen's de novo appeal, which was pending in the same circuit court, warrants a conclusion that the judgment under review is a summary judgment pursuant to Rule 56(c), Ala. R. Civ. P., and not a judgment of dismissal pursuant to Rule 12(b)(6), Ala. R. Civ. P. When a party, in a motion to dismiss, refers to another pending proceeding in the same court, "that court may and should take judicial notice of the entire prior proceeding insofar as it is relevant to the question of law presented." Slepian v. Slepian, 355 So.2d 714, 716 (Ala.Civ.App. 1977); see also ITT Rayonier, Inc. v. United States, 651 F.2d 343, 345 n. 2 (5th Cir. Unit B July 1981) (indicating that pursuant to Rule 12(b)(6), Fed.R.Civ.P., which is analogous to Rule 12(b)(6), Ala. R. Civ. P., a court may take judicial notice of its own records in other proceedings).
That said, however, the procedural character of the judgment under review is not crucial in this appeal. Rather, the question of law presented  whether principles of res judicata and collateral estoppel bar the Petersens' action against the defendants  is crucial, and is properly answered in the main opinion. I therefore concur as to that aspect of the main opinion.
CRAWLEY, P.J., and MURDOCK, J., concur.
NOTES
[1] The Petersens later dismissed their claims alleging breach of the implied warranty of habitability, breach of the implied warranty of good workmanship, and breach of expressed and implied warranties.
[2] The defendants asserted "collateral estoppel" and "issue preclusion" as separate grounds for barring the Petersens' claims. Because the terms "collateral estoppel" and "issue preclusion" describe the same doctrine, see Ex parte Flexible Products Co., 915 So.2d 34, 45 (Ala.2005), we will treat these separately asserted grounds as one and refer to this single ground as "collateral estoppel."