PER CURIAM.
Nue Cheer Franklin appeals from the judgment of the Montgomery Circuit Court entered in favor of Woodmere at the Lake (“Woodmere”)[1] after a jury trial. For the reasons stated herein, we affirm the circuit court’s judgment.
In December 2008, Franklin began leasing and residing in an apartment located in an apartment complex known as Wood-mere at the Lake. On July 21, 2009, Woodmere filed an unlawful-detainer action against Franklin in the Montgomery District Court. It alleged that Franklin had breached her lease agreement by failing to make rental payments under the agreement. It demanded possession of the apartment. Franklin, acting pro se, filed a counterclaim against Woodmere, asserting, among other things, that Wood-mere had breached the lease agreement, had breached its “fiduciary duty” to her by failing to make repairs she had requested to the apartment, had been negligent in its maintenance of her apartment and of the apartment grounds, had constructively *148 evicted her, and had invaded her privacy by repeatedly entering her apartment without her consent.
In August 2009, the district court held a trial. On December 11, 2009, it entered a judgment awarding possession of the apartment to Woodmere and finding in favor of Franklin on her counterclaims. The district court set a hearing on damages for February 4, 2010. After Franklin did not appear for the hearing, the district court reset the hearing. Franklin did not appear at the second hearing. On March 3, 2010, after it had held the second hearing, the district court entered a judgment for Woodmere in the amount of $8,540; it awarded nothing to Franklin on her counterclaims. Franklin filed a motion to set aside the district court’s order, asserting that she had been 10 minutes late to the first hearing, arriving just after Wood-mere’s counsel had left, and that she had never received notice of the setting of the second hearing. The district court denied Franklin’s motion. Franklin filed a timely appeal to the Montgomery Circuit Court.
On August 9, 2010, Franklin, who continued to act pro se, filed a motion for a summary judgment, which the circuit court denied. The circuit court set the case for a jury trial on February 7, 2011. On February 7, counsel for Woodmere sought a continuance because one of Woodmere’s two witnesses was unavailable. Over Franklin’s objection, the circuit court continued the trial until February 9, 2011. The circuit judge stated that the parties could depose any witness who had appeared for the trial on February 7 and would not be able to return on February 9.
At the trial, the parties called several witnesses. Following the presentation of the evidence, the jury returned a verdict in favor of Woodmere on its unlawful-detain-er claim, awarding it $7,715. The jury also found in favor of Woodmere on Franklin’s counterclaims. The circuit court entered a judgment in favor of Woodmere based on the jury’s verdict. Franklin filed a post-judgment motion, which the circuit court denied. Franklin also filed a motion seeking to have the circuit judge presiding over the action recuse himself on the basis that he had “demonstrated personal prejudice and disdain for Franklin and pro se litigants in general” and that he “allows his contempt to influence his overtly bias[ed] rulings when presiding over cases.” The circuit court denied that motion as well. Franklin filed a timely appeal to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7, Ala. Code 1975.
Franklin contends that because Wood-mere did not file an appeal to the circuit court from the district court’s holding in her favor on her counterclaims, the district court’s holding on her counterclaims became “the law of the case” and the relitigation of her counterclaims in the circuit court was therefore barred. Similarly, she contends that, based on the doctrine of res judicata, the district court’s holding in her favor on the merits of her counterclaims barred the relitigation of the merits of her counterclaims in the circuit court. We disagree.
Generally, an appeal from district court to circuit court results in a trial de novo. See § 12-12-71, Ala.Code 1975 (“Except as provided in Section 12-12-72 and in subsection (e) of Section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.”).[2] Recently, this court *149 described the effect of a de novo appeal from district court to circuit court:
“Section 12-12-71, Ala.Code 1975, provides that, with certain exceptions that are not applicable in this case, ‘all appeals from final judgments of the district court shall be to the circuit court for trial de novo.’ ‘ “Alabama cases have consistently held that a trial de novo means an entirely new trial, ‘as if no trial had ever been had, and just as if it had originated in the circuit court.’ Cloverleaf Land Co. v. State, 276 Ala. 443, 163 So.2d 602 (1964).’” State v. Reynolds, 887 So.2d 848, 853 (Ala.2004) (quoting Ex parte Palughi, 494 So.2d 404, 408 (Ala.1986)). ‘A trial de novo ... means “trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered.” ’ Neal v. First Alabama Bank of Huntsville, N.A., 440 So.2d 1111, 1112 (Ala.Civ.App.1983) (quoting Rudolph v. State, 286 Ala. 189, 190, 238 So.2d 542, 543 (1970)) (emphasis omitted).”
Petersen v. Woodland Homes of Huntsville, Inc., 959 So.2d 135, 139 (Ala.Civ.App.2006). Furthermore, “[bjecause the circuit court tries de novo the case appealed from the district court’s judgment, the district court’s judgment is not a final judgment for purposes of res judicata.” Id. at 140.
The effect of Franklin’s appeal to the circuit court was to bring the entire case to the circuit court, including all the claims that were part of the proceeding in the district court. See Thurman v. Thurman, 454 So.2d 995, 997 (Ala.Civ.App.1984). In Thurman, a father filed an action against his son in district court to recover personal property in the son’s possession. The son filed an answer and a counterclaim, asserting ownership of the property, seeking the return of certain property the father had taken, and seeking an award of damages. The district court ruled in favor of the son on the father’s claim and in favor of the father on the son’s counterclaim. The son filed an appeal to the circuit court; the father did not. The circuit court tried the case de novo and entered a judgment awarding some of the property at issue to the father, awarding some of the property at issue to the son, and finding in favor of the father on the son’s counterclaim.
On appeal, this court discussed the effect of the son’s appeal from the district court to the circuit court, holding that both parties’ claims in the district court, not just the son’s, were part of the case in the circuit court. After reviewing the applicable legal principles, we stated:
“Applying these principles to the ease at bar, we observe that the son’s appeal of the district court’s judgment had the effect of bringing up to the circuit court the entire judgment of the district court, not just the ruling on the counterclaim. This means that the case was to be retried completely in the circuit court. The father was required to prosecute his complaint and the son was required to prosecute his counterclaim. The case could be tried on pleadings filed in the district court or amendments could be made to those pleadings or additional pleadings could be filed in the circuit court. Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552 (1921).”
Thurman, 454 So.2d at 997.
Based on the foregoing, we conclude that Franklin’s appeal to the circuit court from the district court’s judgment rendered the district court’s judgment ineffectual for res judicata purposes and brought the entire case before the circuit court for a trial de novo. The judgment entered in the district court did not have a preclusive effect under the doctrine of res judicata *150 with regard to any of the claims in the circuit court, and Woodmere itself was not required to file a notice of appeal to the circuit court for that court, based on Franklin’s appeal, to acquire jurisdiction over all the claims at issue in the district-court case. See Petersen, 959 So.2d at 139-40; Thurman, 454 So.2d at 997. Franklin’s contentions to the contrary are therefore without merit.
Franklin next contends that the circuit court erred when it denied her motion for a summary judgment. Specifically, she argues that she had moved the circuit court to strike the affidavit Woodmere had submitted in opposition to her summary-judgment motion and that the circuit court erred in failing to do so. She argues that, because the affidavit Woodmere submitted was inadmissible, she was entitled to a summary judgment.
 This court does not review the denial of a summary judgment after a trial on the merits has been held. See Beiersdoerfer v. Hilb, Rogal & Hamilton Co., 953 So.2d 1196, 1205 (Ala.2006) (“ ‘[W]e do not review a trial court’s denial of a summary-judgment motion following a trial on the merits. See Grayson v. Hanson, 843 So.2d 146 (Ala.2002); Superskate, Inc. v. Nolen, 641 So.2d 231, 233 (Ala.1994); see also Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1283-84 (11th Cir.2001).’” (quoting Mitchell v. Folmar & Assocs., LLP, 854 So.2d 1115, 1116 (Ala.2003))). Because this case was tried on the merits after the circuit court denied Franklin’s summary-judgment motion, the denial of that motion is not subject to review. Id.
Even if we were to review the denial of Franklin’s summary-judgment motion, we would conclude that she has failed to state a basis for reversing the circuit court’s judgment. Her contention that the circuit court should have struck the affidavit that Woodmere submitted in opposition to her summary-judgment motion has merit; although the affidavit was executed by the affiant, it was not notarized. This fact alone, however, is not sufficient to demonstrate that Franklin’s motion was due to be granted. Franklin makes no argument that the contentions in her motion and the evidence she submitted in support thereof, either as to Wood-mere’s claim or as to her counterclaims, demonstrated that she was entitled to a judgment as a matter of law. Indeed, beyond arguing that Woodmere’s affidavit was inadmissible, she makes no argument that her motion was, itself, meritorious and was supported by such evidence as to cast onto Woodmere the burden of responding with admissible evidence. Simply put, Franklin does not, on appeal, discuss the basis for her summary-judgment motion or demonstrate that it had merit.
It is not this court’s obligation to create arguments for an appellant. Hayes v. Hayes, 949 So.2d 150, 154 (Ala.Civ.App.2006) (“An appellate court is under no obligation to perform research or to make arguments for appellants.”). Instead, the appellant is obligated to provide arguments demonstrating that the trial court committed error requiring reversal. See Middleton v. Lightfoot, 885 So.2d 111, 113-14 (Ala.2003) (“ ‘The burden of establishing that an erroneous ruling was prejudicial is on the appellant.’ Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 (Ala.1991).”). Franklin, in this instance, has failed to do so; thus, even were we to reach her argument that the circuit court erred in denying her summary-judgment motion, we could not reverse the circuit court’s judgment on that ground.
Franklin next contends that she was prejudiced by the circuit court’s continuance of the trial date from February 7, 2011, to February 9, 2011, to accommodate *151 one of Woodmere’s witnesses. She argues that her “main witness” was unable to testify because that witness could not change her schedule in order to attend the trial as rescheduled. Franklin also argues that she was prejudiced by the two-day continuance of the trial because she was forced to take a videotaped deposition of another of her witnesses who could not be present for trial on February 9. Franklin also contends that the circuit court abused its discretion in sustaining objections to portions of that videotaped deposition at trial because, she argues, those portions of the deposition were relevant to her case. Finally, she argues that the circuit court abused its discretion when it refused to allow her to submit into evidence at the trial certain affidavits from individuals who, she says, would have testified as witnesses for her had the circuit court not continued the trial.
An appellant is required, when making an argument, to cite legal authority in support of that argument. As our supreme court stated in University of South Alabama v. Progressive Insurance Co., 904 So.2d 1242 (Ala.2004):
“Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s (or cross-appellant’s) brief contain ‘citations to the cases, statutes, other authorities, and parts of the record relied on.’ The effect of a failure to comply with Rule 28(a)(10) is well established:
“ ‘It is settled that a failure to comply with the requirements of Rule 28(a) ([10]) requiring citation of authority for arguments provides the Court with a basis for disregarding those arguments:
“ ‘ “When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court’s duty nor its function to perform an appellant’s legal research. Rule 28(a) ([10]); Spradlin v. Birmingham Airport Authority, 613 So.2d 347 (Ala.1993).”
“ ‘City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998). See also McLemore v. Fleming, 604 So.2d 353 (Ala.1992); Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251 (Ala.1985); and Ex parte Riley, 464 So.2d 92 (Ala.1985).’
“Ex parte Showers, 812 So.2d 277, 281 (Ala.2001). ‘[W]e cannot create legal arguments for a party based on undeli-neated general propositions unsupported by authority or argument.’ Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala.1992).”
904 So.2d at 1247-48. Franklin cites no legal authority in support of any of the arguments she makes relative to the circuit court’s having continued the trial to February 9, 2011. As a result, we will not consider those arguments. See Rule 28(a)(10), Ala. R.App. P.; University of South Alabama v. Progressive Ins. Co., 904 So.2d at 1247-48.
Franklin contends that the circuit court’s instructions to the jury were incorrect. She argues that she asserted numerous counterclaims against Woodmere about which the circuit judge failed to instruct the jury.
Rule 51, Ala. R. Civ. P., provides, in pertinent part:
“No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless that party objects thereto before the jury retires to consider its verdict, stating the matter objected to and the grounds of the objection.”
*152 Thus, in order to preserve her arguments for appeal related to the circuit court’s jury instructions, Franklin was required to have: “(1) objected before the jury retired to consider its verdict; (2) stated the matter that [s]he was objecting to; and (3) supplied the grounds for [her] objection.” Ware v. Timmons, 954 So.2d 545, 558 (Ala.2006). The trial transcript does not reflect that Franklin objected to the circuit court’s jury instructions or in any manner contended that the circuit court should have given different or additional instructions. As a result, she has waived her contention that the circuit court erred with regard to the jury instructions.
Finally, Franklin contends that the circuit judge abused his discretion in refusing to recuse himself. In support, she appears to rely on Canon 3.C.(l)(a) of the Alabama Canons of Judicial Ethics, which provides, in pertinent part:
“(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
“(a) He has a personal bias or prejudice concerning a party....”
Franklin argues that the circuit judge was biased against her and that he harbored personal contempt for her. She asserts that, as a result of that bias, the circuit judge, among other things, improperly overruled her objections at trial, improperly sustained Woodmere’s objections, provided grounds to Woodmere for its objections, made objections for Woodmere, refused to allow her to present affidavits at trial, and was impatient, rude, short-tempered, and discourteous to her.
Our supreme court has provided the following standard for reviewing a trial judge’s refusal to recuse himself or herself from a trial:
“The burden is on the party seeking recusal to present evidence establishing the existence of bias or prejudice. Otwell v. Bryant, 497 So.2d 111, 119 (Ala.1986). Prejudice on the part of a judge is not presumed. Hartman v. Board of Trustees, 436 So.2d 837 (Ala.1983); Duncan v. Sherrill, 341 So.2d 946 (Ala.1977); Ex parte Rives, 511 So.2d 514, 517 (Ala.Civ.App.1986). ‘ “[T]he law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea.” ’ Ex parte Balogun, 516 So.2d 606, 609 (Ala.1987), quoting Fulton v. Longshore, 156 Ala. 611, 46 So. 989 (1908). Any disqualifying prejudice or bias as to a party must be of a personal nature and must stem from an extrajudicial source. Hartman v. Board of Trustees of the University of Alabama, 436 So.2d 837 (Ala.1983); Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App.1979). Thus,
“ ‘ “[t]he disqualifying prejudice of a judge does not necessarily comprehend every bias, partiality, or prejudice which he may entertain with reference to the case, but must be of a character, calculated to impair seriously his impartiality and sway his judgment, and must be strong enough to overthrow the presumption of his integrity.” ’
“Ross v. Luton, 456 So.2d [249,] 254 [(Ala.1984)], quoting Duncan v. Sherrill, 341 So.2d 946, 947 (Ala.1977), quoting 48 C.J.S. Judges § 82(b).”
Ex parte Melof 553 So.2d 554, 557 (Ala.1989), abrogated on other grounds, Ex parte Crawford, 686 So.2d 196, 198 (Ala.1996).
We have thoroughly reviewed the record and, in particular, the transcript of *153 the trial. Although the circuit judge appears, at times, to have been somewhat exasperated by Franklin as a pro se litigant, we can perceive no bias on the part of the circuit judge that would require his recusal under the Canons of Judicial Ethics.
Franklin alludes to a civil action she has filed in the United States District Court for the Middle District of Alabama against, among others, the circuit judge. Franklin did not file that action until April 18, 2011, more than a month after the circuit judge denied Franklin’s motion for a new trial. See Franklin v. Arbor Station, (No. 2:11-cv-294-MEF, June 22, 2011) (M.D.Ala.2011) (not reported in F.Supp.2d). Although Franklin argues in her brief that, “[b]ecause of [the circuit judge]’s involvement as a defendant in an unrelated case brought by [Franklin], he is due to recuse himself to avoid the appearance of being impartial,” the timing of the filing of the federal-court action demonstrates that that action did not require the circuit judge’s recusal in this case.[3]
Based on the foregoing, we conclude that Franklin has failed to provide this court with a basis on which to reverse the circuit court’s judgment. Thus, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, ■without writing.

. The record does not reflect what type of entity Woodmere is, although it is clearly associated with an apartment complex in Montgomery known as Woodmere at the Lake.

. The exceptions contained in § 12-12-72 and § 12-15-120(e), Ala.Code 1975, are not applicable in this case.

. We note that the most recent order in the federal-court action indicates that the circuit judge's involvement in that action was short-lived and that he is no longer involved in that action. See id.