# London *v.* Sample Lumber Co.

*Statutory Proceedings by Corporation, for Condemnation of Right of Way for Railroad.*

1. *Sufficiency of petition.*—A private corporation, organized for mining, quarrying or manufacturing purposes, has the statutory power of acquiring by condemnation a right of way through the lands of any person, for the construction of a railroad between terminal points mentioned in the statute (Code, § 1563) ; but, when it seeks to exercise this power of condemnation, its petition must specify the terminal points desired to be connected.

2. *Same; description of lands sought to be condemned.*—The petition must also describe the land sought to be condemned, with the same certainty and precision as in a conveyance, so that a surveyor could locate it; and where it is only described as "a strip or parcel of land one hundred feet wide, fifty feet on each side of the track or road-bed of said company when built, one thousand yards in length, more or less, and containing seven acres, more or less, in and on the following lands," namely, the half of a quarter-section, it is demurrable for uncertainty and indefiniteness.

3. *Right of corporation to take land, as question of law or fact.* Whether the corporation making the application has the statutory power to condemn a right of way for railroad purposes, is a question of law for the court to decide, and not a question of fact for the jury.

4. *Judgment of condemnation.*—A judgment that the corporation recover of the owner of the land "a railroad right of way over the following lands," describing by number the quarter-section, "of fifty feet in width on each side of the center of the road-bed of a railroad to be located over said land, upon payment of $49," the damages assessed by the jury (Code, § 3212), is irregular, unauthorized, and void for uncertainty.

APPEAL from the Probate Court of Clay.
Tried before the Hon. H. M. EVANS.

[London v. Sample Lumber Co.]

PARSONS, DARBY & BURNEY, for appellant.

C. A. STEED, contra.

CLOPTON, J.—This proceeding was instituted by appellee, for the condemnation of an interest in the land of appellant to use as a right of way for a railroad. The principal questions arise on a demurrer to the application; one of the grounds of demurrer being, that the petition does not show that the purpose of condemnation is to locate, construct and operate a railroad between the points or places specified in the statute. The Sample Lumber Company, having been incorporated under the provisions of chapter 5, title 1, part 2 of the Code, its power to construct railways is derived from section 1563, which declares: "Such corporation, when duly organized, has, in addition, power to locate, construct and operate, to and from its mines, furnaces, mills, factories, quarries or other works, railways, tram-ways, canals or roads, whereby a connection may be made to and with the principal places of business, its mines, factories, quarries, or other works, and any public highway, turnpike, macadamized, plank, or other graded road, railroad, navigable waters, or to or with its mines, ore-beds, coking or cooling grounds, or timber lands." Power is conferred to condemn lands, or an interest or easement therein, for a way, or right of way, when necessary in the construction of such canals, railways, tram-ways or roads.

The application avers, in general terms, that the applicant was incorporated under the laws of this State, and that the interest sought to be condemned "is desired and needed by said company for the use or purpose of surveying, locating, building, constructing and operating a railroad, in, on, through and across said land." The rules of pleading require that the application shall show that the corporation seeking condemnation is invested with the power to take lands, or acquire an interest or easement therein, for some of the uses for which private property may be taken. The power of the corporation to construct railroads is not an original and general power, but is incidental and accessorial to the main business and purposes of the corporation—manufacturing or mining, or both —and only arises for the purpose of making a connection between some two or more of the points specified in the statute. Therefore, in order to show the power of the applicant to take lands, or to acquire an interest or easement therein for a right of way, the application should show expressly, or by clear implication, that the acquisition of the right of way is for the purpose of locating, constructing and operating a railway,

whereby a connection may be made between some two or more of the places designated in the statute as the terminal points.

Another ground of demurrer relates to the uncertainty of the description of the part of land proposed to be taken. The allegation of the application is, "that the said company desires and proposes to acquire an interest, to wit, a railroad right of way, being a strip or parcel of land one hundred feet wide, fifty feet on each side of the track or road-bed of the said company's railroad when built, one thousand yards, more or less, in length, and containing seven acres, more or less, in and on the following described lands: the north half of the north-west quarter of section four, township twenty-two, range five, in Clay county, Alabama." When the property to be taken is selected and determined by the petitioner, the court having no authority to fix or change the location, the general rule is, that the application must describe the property with sufficient precision to enable a skillful person to locate it on the land. Lewis on Em. Dom. § 350; *Turnpike Co. v. News Co.*, 43 N. J. L. 381. Section 3216 of the Code provides: "The order of condemnation, upon the payment of the sum ascertained and assessed by the verdict of the jury, shall vest in the applicant the easement proposed to be acquired for the uses and purposes stated in the application, but for no other uses or purposes." Under the operation of the statute, the proceeding and order of condemnation are in nature of a conveyance from the owner, and the same degree of certainty of description is required as in conveyances of land. This is the rule independent of the statute. It is stated in *Vail v. M. & E. R. R. Co.*, 21 N. J. L. 189, as follows: "The certainty is of the same nature as the certainty required in conveyances of lands, so that a surveyor could go on the land, and mark out the land designated. The taking of the land is in the nature of a conveyance from the owner, and he is entitled to know how much land is taken from him, and the exact boundaries of what remains. . . . The location should state the width and boundaries of the location; if not, the location will be invalid." The application leaves the parts of the land to be taken and condemned dependent upon the subsequent survey and location of the railroad, to be determined by the petitioner. The location is shifting, and the owner can not know the precise part of his land taken until the road is built, nor can a jury intelligently assess the compensation. Under the description given in the application, the petitioner may construct its road over any part of the entire tract of land, or change the location of the road from time to time before it is

[London v. Sample Lumber Co.]

built, the only restriction being, that it shall not be constructed through the yard, garden, orchard, stable-lot, gin-house, barn, or through the curtilage of any dwelling on the land, and that it shall not be more than one hundred feet in width, nor more than one thousand yards in length, more or less, nor contain more than seven acres, more or less. No courses or boundaries are given. Because of the uncertainty of the description, the proceeding and order of condemnation can not operate in the nature of a present conveyance of any definite part of the land or easement therein.

The plat exhibited with the petition does not impart reasonable certainty to the description. It does not give "such full and accurate note and data as are necessary to furnish means for identifying and ascertaining the precise position of every part, with courses and distances, so that every part can be found."—Mills on Em. Dom. § 117. As stated in the petition, the plat is merely a general description of the land proposed to be taken, "as correctly as can be without a survey." The application does not furnish the means of certainly locating the *situs* and extent of the condemnation.—*Brown v. R. & D. R. R. Co.*, 86 Ala 206; *Macon v. Owen* 3 Ala. 116.

The court erred in submitting to the jury the determination of the power of the petitioner to take land for a right of way. This is a legal question, which it was the duty of the court to decide.

The statute provides: "The court must make an order of condemnation in pursuance thereof, upon the payment of the damages, or compensation so assessed."—Code, § 3212. No order of condemnation was made, but, instead thereof, judgment was rendered that the petitioner recover of the appellant "a railroad right of way over the following described lands [giving the numbers], of fifty feet in width on each side of the centre of the road-bed of a railroad to be located over said land, upon the payment of forty-nine dollars to said London." The judgment is not merely irregular, but unauthorized, and is void, because of uncertainty.

Reversed and remanded.