163 So.2d 602

**CLOVERLEAF LAND COMPANY, Inc., et al.**

v.

**STATE of Alabama.**

**7 Div. 553, 554, 555.**

Supreme Court of Alabama.

April 16, 1964.

**444**

Roy D. McCord, L. D. Martin, Geo. Oliver and J. Herbert Meighan, Jr., Gadsden, for appellant Cloverleaf Land Co.

Richmond M. Flowers, Atty. Gen., Maurice F. Bishop, Birmingham, and Hanby & Stivender, Gadsden, for appellee.

**PER CURIAM.**

These appeals, here consolidated with consent of the parties, arose out of condemnation proceedings filed by appellee in the Court of Probate of Etowah County to condemn certain areas of land for public highway purposes. Appellants allegedly own some right, title or interest in the lands sought to be condemned.

Appellee, within the time prescribed by law, perfected an appeal to the circuit court from an order of condemnation rendered and entered by the probate court.

After its counsel had entered an unqualified general appearance in the circuit court, appellant Cloverleaf Land Company, Inc. (hereafter referred to as Cloverleaf), filed its motion in the circuit court invoking that court to declare the entire condemnation proceedings, both in the probate court and in the circuit court, null and void as far as they pertain to the several tracts and parcels at issue and designated in the petition.

The ground of said motion is that each and every description set forth in the several tracts is void, and that the probate court never did acquire jurisdiction of the lands belonging to appellants; and further, that the circuit court, due to said void descriptions, is without authority to proceed.

Thereafter, on January 13, 1961, petitioner (State) filed an amendment to the application for order of condemnation in the

circuit court setting out "with additional particularity" an amendatory description of each parcel and tract.

Following a lengthy hearing on this motion of Cloverleaf, the circuit court of Etowah County made a finding of facts and rendered judgment on the motion of Cloverleaf to dismiss and also on the amendment of the descriptions proposed by petitioner.

On the finding of facts, we quote therefrom as follows:

"* * * the Court finds that the description in the Probate Decree as to Parcel Number 5 of Tract 19 is void and will not support an appeal and jurisdiction of this Court cannot attach.

"As to Tract No. 16 and Parcels numbered 1, 2, 3 and 4 of Tract 19, and Parcels numbered 1, 2 and 3 of Tract 20, it is the opinion of the Court, and the Court finds, that the descriptions in the Probate Court Decree are not sufficiently certain and that they should be amended to make them more certain and specific."

Thereupon followed the judgment or decree as follows:

"1. The Probate Court Decree describing Parcel No. 5 of Tract No. 19 is hereby declared to be void and of no effect, as to that said parcel.

"2. The amendment to the application for order of condemnation filed in this Court by the petitioner (appellant) hereby is disallowed.

"3. The prayer of the movant for a judgment and order to enjoin or restrain the petitioner (appellant) and any or all of its agents, servants or employees from going upon or removing anything from said lands of the Defendants (appellees) or from entering said lands be, and the same hereby is, denied.

"4. This proceeding be, and the same hereby is, remanded from the Circuit Court of Etowah County, Alabama, to the Probate Court of Etowah County, Alabama.

"5. The costs of this proceeding incurred in this Court to date shall be taxed against the petitioner (appellant)."

In addition to the aforequoted finding of facts, the trial court also ruled that in its opinion the proceedings had and done in the probate court of Etowah County in the cause "were and are valid."

Pending the trial in the circuit court, petitioner proposed amendments to the descriptions of all the parcels and tracts involved in the appeal. As noted above, the proffered amendments were disallowed.

The question here presented by appellee's cross-assignments of error is whether or not the trial court ruled correctly in disallowing these amendments to the descriptions.

First we will state that we are disposed to view with favor the findings of the court that the descriptions of the several parcels have amendable defects. We hold that the description of parcel 5 is indefinite and uncertain, but is not void.

Section 17, Title 19, Recompiled Code of Alabama, 1958, governing appeals from the probate court to the circuit court in condemnation cases, as here presented, provides that on such appeal the trial shall be de novo.

As pointed out in the case of Lipscomb v. Bessemer Board of Education, 258 Ala. 47, 61 So.2d 112(1), Mr. Justice Bouldin, speaking for the court in Housing Authority of Phenix City v. Stillwell, 241 Ala. 420, 423, 3 So.2d 55, referring to a trial de novo, observed "This means what it says." Also we held in Thompson v. City of Birmingham, 217 Ala. 491, 492, 117 So. 406(2), 407, "A trial de novo means a new trial 'as if no trial had ever been had, and just as if it had originated in the circuit court,'" citing Louisville & N. R. R. Co. v. Lancaster, 121 Ala. 471, 473, 25 So. 733, 735, wherein this court said:

"* * * The appeal [to be tried de novo], when taken, operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment. The judgment of the justice cannot upon the trial in the circuit court be looked to as a matter of evidence or of estoppel. 'The judgment of the justice is not reversed or affirmed; but a new, distinct, and independent judgment, as may be required by the merits shown on the trial, is rendered by the city or circuit court.' Abraham v. Alford, 64 Ala. 281; Harsh [et al.] v. Heflin, 76 Ala. 499."

We held in the case of Williams v. Jefferson County, 261 Ala. 76, 72 So.2d 920(2), that an appeal to the circuit court from the probate court of condemnation proceedings to obtain an easement for highway purposes had the effect of causing a trial to be had de novo in the circuit court, and that the appeal necessarily completely vacated the probate decree, including all proceedings thereafter had upon the basis of continuing existence of such decree.

But the effect of a trial de novo in a highway condemnation suit was qualified in the case of Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143(6), as follows:

"Under the provisions of § 17, Title 19, Code of 1940, appeals to the circuit court in cases of this character are triable de novo. We have said that in all such appeals the circuit court makes its own order of condemnation in accordance with the provisions of § 21, Title 19, supra, and we have used rather broad language in several of our cases concerning the fact that the trial in the circuit court is de novo. But, irrespective of any such broad statements, the fact remains that the appeal to the circuit court does not completely vitiate the proceedings and order in the probate court for § 235 of the Constitution and § 18, Title 19, supra, operate to permit the condemnor to have the right of entry pending appeal and certainly to that extent the order of the probate court is not suspended pending appeal 'provided the amount of damages assessed shall have been paid into court in money, and a bond shall have been given in not less than double the amount of the damages assessed, * * *.' § 235, Constitution 1901." (103 So.2d 149)

On appeal to the circuit court in highway condemnation cases, neither party can be benefited or prejudiced by the report of the commissioners filed in the probate court or by the judgment of that court, for neither is admissible in evidence. Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So. 2d 795(12), 9 A.L.R.2d 974.

On such appeals and trial de novo the court may try not only the question of damages and compensation, but also the right of the petitioner to condemn. Code of Alabama 1940, Title 19, §§ 7, 16–18; Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529(1).

This court is committed to a liberal system of amendments (§ 239, Title 7, Code 1940); and an application for condemnation originally filed in the probate court is subject to proper amendment on appeal to the circuit court. Lipscomb v. Bessemer Board of Education, 258 Ala. 47, 61 So.2d 112(2). See cases cited, including Newton v. Alabama Midland Ry. Co., 99 Ala. 468, 470, 13 So. 259(2), wherein we held that under our liberal system of amendments the circuit court was without error for permitting in a condemnation proceedings for a railroad right-of-way the inclusion of an area that widened the right-of-way described in the original petition filed in the probate court. The added twenty feet were not included in the original petition.

In view of the fact that the rights of the respondent on appeal from the probate court are amply protected when the case is tried de novo in the circuit court, we conclude that the circuit court in the case at bar should not have disallowed the

amendments that petitioner proposed. The petitioner was entitled to be heard on these proposed amendments. The State should have been allowed to redescribe the parcels so as to make the descriptions more specific and certain.

With reference to parcel 5, as we understand the evidence, the area redescribed and sought to be condemned is contiguous to and an enlargement of one of the other parcels embraced in the petition before the circuit court. In the light of the amendatory addition of twenty feet which this court approved in the case of Newton v. Alabama Midland Ry. Co., supra, we think that the amendatory description should also have been permitted.

It is our opinion and we so hold that the trial court committed error to reverse in disallowing the proposed amendments; also in remanding the proceedings to the probate court of Etowah County. The trial court should have retained jurisdiction and proceeded with the trial to a conclusion in the absence of valid reasons (not here shown) for not doing so.

We do not determine the right of the trial court under any conditions to remand highway condemnation proceedings from the circuit court to the probate court. We pretermit such determination.

■ Now adverting to the sufficiency of a description of an area of land sought to be condemned for highway purposes, we said in London v. Sample Lumber Co., 91 Ala. 606, 8 So. 281(2), as follows: "When the property to be taken is selected and determined by the petitioner, the court having no authority to fix or change the location, the general rule is that the application must describe the property with sufficient precision to enable a skillful person to locate it on the land." This rule was adverted to by this court in the case of Nashville, C. & St. L. Ry. v. Hobbs, 120 Ala. 600, 24 So. 933(1). We think this rule is applicable to the descriptions here under consideration.

■ We further hold that the description is sufficient if such skilled person can, with reasonable accuracy, plat and stake the right-of-way so described with the aid of a right-of-way map filed, as here, in the probate office of the county where the land sought to be condemned is located.

■ We do not think that a description by metes and bounds in relation to the government survey is necessarily mandated. Nor do we think that such description should of necessity be identified with the description in the deed thereto. Sometimes these descriptions in deeds are very inaccurate.

We further conclude that the assignments of error by the appellants, some of which are too general for consideration, are without merit.

■ In view of the fact that the inaccurate descriptions in the petition, as determined by the trial court, invited confusion and were important factors in prompting the litigation and this appeal, and also because of the clarification of other issues of importance to the State, we think all the court costs incident to the appeal should be and they are taxed against appellee. We will not disturb the ruling of the trial court in taxing certain court costs against the petitioner.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by this court as its opinion.

Reversed and Remanded.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.