RICHARD L. HOLMES, Retired Appellate Judge.
The parties were divorced in December 1993. In July 1995 the father filed a petition to modify.
In May 1996 the trial court issued an order, modifying the divorce decree. The order granted the relief requested by the father in his petition to modify.
The mother appeals.
On appeal the mother contends that the trial court denied her procedural due process when it failed to notify her of the February 29,1996, hearing date.
We .have reviewed the record on appeal and find only two references to a February 29, 1996, hearing. The first reference is in a letter dated March 4, 1996, from the mother to the circuit court clerk. The mother’s March 4, 1996, letter states the following, in pertinent part:
“With regard to your January 9th letter (copy enclosed), would you please send me the results of the [father’s] petition to modify the custody provisions of our original divorce agreement heard 12/6/95. The [father] now claims that Judge Calhoun heard his petition [on] 2/29/96 and substantially modified custody and the URESA support provisions entered in family court last 10/24/95, but I was never notified of the 2/29/96 hearing.”
The second reference is the trial court’s May 1996 order. In this order the trial court stated, “THIS CAUSE came on to be heard on February 29, 1996, on the [father’s] Petition to Modify.” The case action summary sheet makes no mention of a February 29, 1996, hearing, and we find no notice of the hearing sent to either party.
We would note that our supreme court previously stated the following in Ex parte Weeks, 611 So.2d 259, 262 (Ala.1992):
“[I]t is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date.... ”
We would note that the mother continued to reside in New Jersey and appeared pro se during the pendency of the father’s petition to modify. The mother sent a letter dated August 28,1995, to the judge’s office, and she sent letters dated December 14, 1995, March 4, 1996, and April 8, 1996, to the circuit court clerk’s office.
In her December 14, 1995, letter, the mother asked for the results of the September' 25, 1995, hearing and the December 6, 1995, hearing. In a letter dated January 9, 1996, the circuit court clerk’s office responded as follows: “[E]nclosed is a copy of the case action summary showing that no modification has been signed.” As previously noted, the case action summary sheet makes no mention of a February 29, 1996, hearing.
The father states the following on page five of his brief: “The case was continued on December 6,1995, and when the [mother] did not appear at the next setting on February 29, 1996, the trial court did entertain the [father’s] contentions.” However, there is nothing in the record which indicates that the case was continued on December 6, 1995, to February 29,1996.
Our supreme court stated the following in Opinion of the Justices, No. 238, 345 So.2d 1354, 1355 (Ala.1977):
“Due process of law means notice, a hearing on the merits of the controversy in accord with that notice, and a judgment entered in accord with that notice and hearing.”
*512 In light of the fact that there is nothing in the record that would have put the mother on notice of the February 29, 1996, hearing, and because it is apparent that the trial court relied upon evidence presented at the February 29, 1996, hearing when it issued its order modifying the divorce decree, we find that the mother was denied procedural due process. Ex parte Rice, 265 Ala. 454, 92 So.2d 16 (1957); McCollum v. Birmingham Post Co., 259 Ala. 88, 65 So.2d 689 (1953); Patterson v. Downs, 255 Ala. 197, 50 So.2d 408 (1951); Vernon v. State, 245 Ala. 633, 18 So.2d 388 (1944); Chambers v. Director of Dep’t of Public Safety, 414 So.2d 131 (Ala.Civ.App.1982). Consequently, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.
The father’s request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the Judges concur.