THOMAS, Judge.
In April 2014, Grace Jackson secured a judgment totaling $1,806 against Carrie Crews in the Perry District Court (“the district court”), Jackson immediately filed a process of garnishment in the district court seeking to satisfy that judgment. Crews filed a declaration and claim of exemptions to the garnishment in which she claimed as exempt only the entirety of her wages and not any personal or real property.[1] See Ala.Code 1975, .§ 6-10-20 (permitting a judgment debtor to file with the court “a declaration in writing, subscribed and sworn to by him or her, describing the property selected and claimed by him or her as exempt”), and Rule 64B, Ala. R. Civ. P. (explaining the procedure hy which a defendant may seek exemption from garnishment). Crews also filed a motion to stay or to quash the garnishment. The district court entered an order on May 23, 2014, quashing the garnishment. However, on May 29, 2014, the district court amended its order to state as follows:
“The Court having previously quashed the garnishment in this case, hereby amends said order with the following conditions, to wit: (1) That the garnishment is stayed so long as [Crews] pays $200 per month to the Perry County Circuit Clerk’s Office on the judgment amount; (2) That should [Crews] fail to pay, the garnishment shall be reinstated.”
On June 11, 2014, Crews filed a motion in which she sought “further cons’id-er[ation]” of the May 29, 2014,' order and dismissal of the garnishment proceeding because Jackson had failed to contest Crews’s declaration and claim of exempr tions within 15 days of its filing. See Rule 64B (requiring a judgment creditor to contest a claim of exemptions within 15 calendar days of the filing of the claim of exemptions and requiring dismissal or modification of a garnishment proceeding, so as to give effect to the claimed exemptions, when a judgment creditor fails' to timely file a contest). The district court set a hearing on Crews’s motion for August 4, 2014; that hearing" was apparently continued to October 1, 2014. Crews sought a continuance of the October 1, 2014, hearing; "the district court1 denied that motion.
On October 7, 2014, the district court entered an order permitting Jackson to file a contest to the declaration and claim of exemptions before October r 24, 2014. Jackson complied with the district court’s order and filed her contest on October 20, 2014. On October 22, 2014, the' district court entered an order stating that Crews had 14 days to respond to" Jackson’s contest. On December 4, 2014; Crews filed a motion to dismiss the garnishment proceeding in which she argued that Jackson’s contest to the declaration and claim of exemptions had been filed too late and that, therefore, Crews was entitled to have the garnishment proceeding dismissed. Neither the original .record.on appeal nor the supplemental record- on appeal contain an order granting or denying Crews’s motion to dismiss the garnishment.proceeding.
The next order contained in the record on appeal is a May 4,2015, order requiring *370 Crews to submit a proposed repayment plan. That order states that if Crews did not comply, the writ of garnishment would “reissue.” On July 1, 2015, the district court entered an order in which it stated that it had “reissued” the writ of garnishment.
The record next contains what appears to be a new process of garnishment containing the same case number, which was filed in the district court on September 25, 2015. Crews filed a new declaration and claim of exemptions and a new motion to stay or quash the garnishment on October 22 and 23, 2015, respectively. The district court denied the motion to stay or quash the garnishment on October 27, 2015. Jackson did not file a contest to Crews’s declaration and claim of exemptions. Crews filed a motion to dismiss the garnishment proceeding on November 16, 2015; the district court denied that motion on November 17, 2015. Crews filed a notice of appeal to the Perry Circuit Court (“the circuit court”) on November 24, 2015.
On December 17, 2015, Crews filed in the circuit court a motion to stay or quash the garnishment. In that motion, Crews again argued that she was entitled to a dismissal of the garnishment proceeding under Rule 64B because Jackson had not contested Crews’s declaration and claim of exemptions. In her motion, Crews also stated that the district court had entered an order garnishing her wages and that the garnishment of her wages was causing an extreme hardship to her. The circuit court entered an order on December 18, 2015, stating that it “has no authority to stay the execution of the Judgment. [Crews] can file a supersedeas bond in the amount of 150% of the judgment pursuant to [Ala. R.App. P., Rule] 8 to stay the execution.” After a hearing, the circuit court denied the motion to stay or quash the garnishment on January 6, 2016. Crews appealed to this court on February 12, 2016.
On appeal, Crews makes four arguments. She first argues that Jackson failed to contest her declaration and claim of exemptions directed to what appears to be the second process of garnishment, which was filed after the district court had “reissued” the writ of garnishment, and that, under Rule 64B, the district court was therefore required to dismiss the garnishment proceeding. Thus, she contends, the circuit court was also required to dismiss the garnishment proceeding. Crews’s second argument on appeal is that “the lower court” or “the trial court” acted contrary to law when it refused to dismiss the garnishment proceeding. Thirdly, Crews complains that “the trial court improperly conditioned a dismissal of the garnishment upon Crews’s making a settlement with payments to Jackson.” Finally, Crews argues that the circuit court erred by requiring that she post a superse-deas bond as a condition to staying the garnishment on de novo appeal in that court.
We note that it appears that a portion of Crews’s arguments on appeal pertain to orders entered by the district court. Crews’s appeal to the circuit court was a de novo appeal. See Ala.Code 1975, § 12-12-71 (“Except as provided in Section 12-12-72[, Ala.Code 1975,] and in subsection (e) of Section 12-15-120, [Ala.Code 1975,] all appeals from final judgments of the district court shall be to the circuit court for trial de novo.”).
“ ‘ “Alabama cases have consistently held that a trial de novo means an entirely new trial, ‘as if no trial had ever been had, and just as if it had originated in the circuit court.’ Cloverleaf Land Co. v. State, 276 Ala. 443, 163 So.2d 602 (1964).”’ State v. Reynolds, 887 So.2d 848, 853 (AIa.2004) (quoting Ex parte
*371 Palughi, 494 So.2d 404, 408 (Ala.1986)). ‘A trial de novo ... means “trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered.” ’ Neal v. First Alabama Bank of Huntsville, N.A., 440 So.2d 1111, 1112 (Ala.Civ.App.1983) (quoting Rudolph v. State, 286 Ala. 189, 190, 238 So.2d 542, 543 (1970))(emphasis omitted).
“In Cloverleaf Land Co. v. State, 276 Ala. 443, 445-46, 163 So.2d 602, 605 (1964), our supreme court stated:
“‘[W]e held in Thompson v. City of Birmingham, 217 Ala. 491, 492, 117 So. 406, 407 [ (1928) ], “A trial de novo means a new trial ‘as if no trial had ever been had, and just as if it had originated in the circuit court,’ ” citing Louisville & N.R.R. Co. v. Lancaster, 121 Ala. 471, 473, 25 So. 733, 735 [ (1899) ], wherein this court said:
“ ‘ . The appeal [to be tried de novo], when taken, operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment. The judgment of the justice cannot upon the trial in the circuit court be looked to as a matter of evidence or of estoppel.” ’ ”
Petersen v. Woodland Homes of Huntsville, Inc., 959 So.2d 135, 139 (Ala.Civ.App.2006).
Thus, to the extent that Crews complains about the actions taken by the district court, we cannot reach those issues. The district court’s judgment has been supplanted by the judgment rendered by the circuit court, and we may review only that judgment on appeal.
Crews complains that the circuit court erred by failing to dismiss the garnishment proceeding and by requiring her to post a supersedeas bond to stay execution of the district court’s writ of garnishment. Although we agree that the circuit court erred by requiring the posting of a super-sedeas bond in an appeal from the district court, because the applicable rule, Rule 62(dc)(5), Ala. R. Civ. P., provides that “the provision for a supersedeas bond in Rule 62(d) is deleted and Rule 62(d) is modified so as to require only a bond for costs or an affidavit of substantial hardship, approved by the court, in lieu of said bond,” we cannot afford Crews any relief from the circuit court’s failure to stay the garnishment at this point. Thus, the issue whether the circuit court improperly failed to stay the garnishment without the posting of a supersedeas bond pursuant to Rule 8, Ala. R.App. P., is moot. Kirby v. City of Anniston, 720 So.2d 887, 889 (Ala. 1998) (“It is not the province of [an appellate court] to resolve an issue unless a proper resolution would afford a party some relief.”).
Crews argues that the garnishment proceeding was due to be dismissed by the circuit court because Jackson failed to contest Crews’s most recent declaration and claim of exemptions, which Crews filed on October 22, 2015, in response to the second process of garnishment, filed after the district court had “reissued” the writ of garnishment. According to Ala.Code 1975, § 6-10-23, “[a]fter the filing of such declaration, the claim of exemption therein asserted shall be taken and considered as prima facie correct, and the filing thereof shall operate as notice of its contents.” In addition, Ala. Code 1975, § 6-10-24, provides:
“After such declaration of claim has been filed for record, the property therein embraced shall not be subject to levy unless there is endorsed on the process the fact that there has been a waiver of exemption as to the kind of property on which the levy is sought to be made or the claim is contested.”
*372 Our supreme court discussed the application of § 6-10-24 in Ex parte Avery, 514 So.2d 1380, 1381 (Ala.1987), and concluded that
¡‘property cannot be subject to levy unless the. creditor ... filed a contest of the'claimed exemptions. This Court has ‘held that a contest is the exclusive-method of - preserving a levy after a claim of exemption -is filed, Kennedy v. Smith, 99 Ala. 83, 11 So. 665 (1892); and that a claim of exemption, unless properly contested, must be upheld and the levy or other process released. Totten & Bros. v. Sale & Co., 72 Ala. 488 (1883); Poole v. Griffith, 216 Ala. 120, 112 So. 447 (1927).”
Créws specifically relies on Rule 64B, Which provides, in pertinent part, that
“[i]f the plaintiff fails to make timely contest after notice of the defendant’s claim of exemption, after fifteen (15) calendar days from the filing of such claim, . the process of garnishment and any writ of garnishment issued therein shall be dismissed or, where appropriate, modified to the extent necessary to give effect to the claimed exemptions.”
Thus, Crews contends, Jackson’s failure to timely file a contest to the most recent ■declaration and claim of .exemptions required the circuit court to either dismiss the garnishment proceeding or to modify the garnishment so as to give effect to the claimed exemptions.
In order for Crews’s argument to be correct, the use of the word “shall” in the quoted sentence of Rule 64B must operate to make the provision mandatory. As .our-supreme court explained in Oliver v. Shealey, 67 So.3d 73, 76 (Ala.2011), “[t]he word ‘shall’ can be permissive in a situation where it Would frustrate legislative intent to hold otherwise, but if no such circumstance exists, it is mandatory.” See also Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala.1998) (“The word ‘shall’ is clear and unambiguous and is imperative and mandatory.”). As we have explained, however, “[o]ur supreme court has consistently held that- the word ‘shall’ is mandatory when used in a rule promulgated by that court.” Martin v. Martin, 637 So.2d 901, 902 (Ala.Civ.App.1994). In addition, the term “shall” is the equivalent of the term “must” and is typically “ ‘ “inconsistent with a concept of discretion.” ’ ” Oliver, 67 So.3d at 76 (quoting Ex parte Bad Toys Holdings, Inc., 958 So.2d 852, 856 (Ala.2006), quoting in turn Black’s Law Dictionary 1375 (6th ed.1991)),
Nothing in Rule 64B indicates that the intent of the rule would be frustrated by construing the term “shall” as mandatory in this instance. To construe Rule 64B so as to allow a court discretion to determine whether to dismiss a garnishment proceeding or to modify a writ of garnishment when the judgment creditor has failed to contest a declaration and claim of exemptions would do violence to the language of § 6-10-24, which provides that property claimed as exempt is not subject to levy unless there exists “a waiver of exemption as to the kind of property on which the levy is sought to be made or the claim is contested.” Furthermore, we held in Young v. Strong, 694 So.2d 27, 28 (Ala.Civ.App.1997), that the failure to properly contest a declaration and claim of exemptions required that the claim of exemptions “be considered prima facie correct and ... upheld.” Thus, Crews is correct that Rule 64B permits a court handling a garnishment proceeding no discretion and instead requires that court to dismiss the garnishment proceeding or to modify the writ of garnishment in order to give effect to the claimed exemptions filed by the debtor when no timely contest to the claimed exemptions was made.
*373 Jackson’s failure to timely file a contest to Crews’s declaration and claim of exemptions requires dismissal of the garnishment proceeding under Rule 64B. The judgment of the circuit court refusing to quash the garnishment is therefore reversed; the cause is remanded for the entry of a judgment consistent with this opinion. See Young, 694 So.2d at 29.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. We note that Crews was permitted to claim all of her wages, which totaled less than $900 a pay period, as exempt. See Pruett v. Worldwide Asset Purchasing, LLC, 140 So.3d 481, 483 (Ala.Civ.App.2013) (explaining that a debtor could claim all of her wages, which amounted to $600 biweekly, as. exempt provided that her total claim of exemptions did not exceed the $1,000 maximum exemption provided in Ala, Const. 1901 (Off.Recomp.), Art. X, § 204).