PITTMAN, Judge.
*289 Calvin Casey, the defendant in an action seeking possession of land, appeals from a judgment entered in favor of the plaintiffs, Pam Bingham ("Bingham") and her husband, Chris Bingham, by the Marshall Circuit Court after a pretrial hearing. We reverse and remand.
The abbreviated record in this appeal indicates that Casey and Bingham were formerly married to each other and that, during their marriage, a residence that they occupied with their son was located on a tract of land in Marshall County measuring approximately six and a half acres. There are no deeds evidencing any conveyances of the property, or any portion thereof, in the record, but the judgment under review refers to a previous order entered by the Marshall Circuit Court in July 2016 in a separate action involving these same parties ("the quiet-title/declaratory-judgment action") indicating that the entire tract formerly had belonged to Bingham's father and mother, Charles Stephens and Patricia Stephens. According to Casey's postjudgment motion, a .86-acre parcel of property-which a survey document attached to the circuit court's judgment indicates is completely contained within the larger approximately 6.5-acre tract-was conveyed to Bingham and Casey during their marriage. In 2003, Casey and Bingham divorced, but they continued to own the .86-acre parcel as tenants in common until 2007, when Bingham conveyed her interest in the parcel to Casey. Title to the remaining five-plus acres in the larger tract, on which were located two metal buildings referred to by Casey as "the barn" and "the shop," apparently remained in Charles and Patricia Stephens. However, the Stephenses themselves were divorced in 2004 by a judgment of the Madison Circuit Court, and the July 2016 order of the Marshall Circuit Court indicates that, pursuant to the settlement agreement incorporated into their divorce judgment, the Stephenses retained title to the five-plus acres ("the disputed tract") as joint tenants with rights of survivorship. In contrast, Casey testified, in an affidavit attached to his postjudgment motion, that the Stephenses had agreed to convey the disputed tract to him after the Stephenses' divorce judgment was entered and that Patricia Stephens had actually executed a quitclaim deed to do that; however, Casey further testified that Bingham had convinced Charles Stephens not to sign a deed conveying the disputed tract to him because of an ongoing postmarital dispute between Casey and Bingham.
According to Casey's affidavit, after Patricia Stephens died in 2012, Charles Stephens executed a deed in which he conveyed his interests in the disputed tract to Bingham and her husband, and Bingham offered to sell that tract to Casey (who, for all that appears in the record, declined to purchase the rights of Bingham and her husband therein). Rather, Casey continued to use both the .86-acre parcel and the disputed tract, and he brought a quiet-title action against Bingham and her husband in the Marshall Circuit Court based upon the quitclaim deed he had received from Patricia Stephens during her lifetime; Bingham and her husband responded by asserting a counterclaim seeking a judgment declaring that they and not Casey were the rightful owners of the disputed tract because of Charles Stephens's deed to them. The quiet-title/declaratory-judgment action yielded the July 2016 order ruling that Casey's quitclaim deed was void and that title to the disputed tract had been vested in Charles Stephens by virtue of his having survived Patricia Stephens; that order also provided that "[a]ll other *290 relief requested which is not granted herein is hereby denied."
In October 2016, Bingham and her husband brought an action in the Marshall District Court against Casey. In their Form C-59 complaint ("Statement of Claim-Eviction/Unlawful Detainer") filed in the district court, Bingham and her husband demanded the immediate possession of the disputed tract (which was identified in the complaint by its mailing address in Arab). The stated basis for the plaintiffs' contention that Casey no longer had the right to possess the disputed tract was the order that had been entered by the Marshall Circuit Court in the quiet-title/declaratory-judgment action in July 2016. Notice of the district-court action was posted at the disputed tract on Sunday, October 9, 2016, and Casey, through counsel, filed an answer denying the plaintiffs' contentions on Monday, October 17, 2016.[1]
On October 28, 2016, the district court set a trial date of November 7, 2016.[2] However, on the date of trial, counsel for Casey moved for a continuance because, she averred, she had four other matters scheduled for a trial on that date; the district court, citing Ala. Code 1975, § 35-9A-461, a portion of the Alabama Uniform Residential Landlord and Tenant Act governing residential-eviction actions, denied the requested continuance on the stated basis that the action commenced by Bingham and her husband was entitled to precedence in scheduling over all other civil cases.
The case was called by the district court for trial as scheduled on November 7, 2016, and, although the plaintiffs were present, Casey was not present; the district court then proceeded to swear in witnesses and take testimony and entered a judgment on that date awarding possession of the disputed tract to Bingham and her husband. On November 9, 2016, Casey filed a postjudgment motion pursuant to Rule 59(dc), Ala. R. Civ. P., requesting that the district court vacate its judgment and hold a new trial with Casey's counsel in attendance; however, the district court denied that motion on November 14, 2016.
Under Article 8 of Chapter 6, Ala. Code 1975, a party may appeal from a judgment entered in an action alleging unlawful detainer or forcible entry and detainer from the district court to the circuit court within seven days; similarly, under Ala. Code 1975, § 35-9A-461(d), any party may appeal to circuit court from an eviction judgment entered by a district court within seven days. On November 21, 2016, seven days after the denial of Casey's postjudgment motion (the pendency of which tolled the time for taking an appeal, see Ala. Code 1975, §§ 35-9A-461(d) and 12-12-70(a) ), Casey filed a notice of appeal to the Marshall Circuit Court and indicated a jury demand thereon. With certain exceptions that are not pertinent in this case, Ala. Code 1975, § 12-12-71, provides that "all appeals from final judgments of the *291 district court shall be to the circuit court for trial de novo" (emphasis added). Despite the jury demand in the notice of appeal, the circuit court initially set the case for a bench trial on April 20, 2017; however, that court determined that that setting had been the result of a clerical error and later set the case for a jury trial on June 19, 2017. However, on June 6, 2017, the circuit court removed the case from the June 19, 2017, trial docket and instead set it "for pretrial hearing" on that date. At the request of Casey's counsel, the circuit court entered an order stating that "[t]he pretrial hearing in this matter is reset for June 20, 2017."
Despite having set the case only for a pretrial hearing, the circuit court entered, on August 15, 2017, a final judgment in favor of Bingham and her husband. In its judgment, the circuit court described the November 7, 2016, judgment of the district court as being a default judgment in an unlawful-detainer action, and, despite the de novo nature of Casey's appeal, the circuit court indicated that it had, at the June 20, 2017, pretrial hearing, "review[ed] the action of the [d]istrict [c]ourt"; had "reviewed facts"; had "reviewed court records" in the district-court action (as well as in the previous quiet-title/declaratory-judgment action in the Marshall Circuit Court involving the parties and the divorce action in the Madison Circuit Court involving the Stephenses); and had "heard the arguments from both sides." The circuit court further expressly determined that the July 2016 order in the quiet-title/declaratory-judgment action was a final judgment, notwithstanding Casey's counsel's contention that certain claims remained unadjudicated in that action; that the two metal structures "discussed in the hearing ... in [d]istrict [c]ourt ... and personal property being contained in th[em] are clearly located and affixed to the real ... property of [Bingham and her husband]"; that "continued burning of trash or other items on the [disputed tract] by [Casey and his wife] can be considered trespass to land and a danger to the Bingham property, and therefore must stop"; and that Casey and his wife were to remove any items of personal property inside the two metal structures on the disputed tract within 30 days. The circuit court attached to its judgment the district court's judgment, a document indicating the results of a 2013 survey of the disputed tract, an aerial photograph of the disputed tract, and a copy of the July 2016 order in the quiet-title/declaratory-judgment action.
Casey timely filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., in which he contended, among other things, that the circuit court had erred in "upholding" the district court's denial of the requested continuance and that court's "default judgment"; Casey also contended that the circuit court had erred in reaching the merits of the case at a scheduled pretrial hearing without notice to Casey. Attached to Casey's motion was his own affidavit, in which he testified that the circuit court, at the June 20, 2017, pretrial hearing, had reviewed documentary exhibits, including "binders with pictures in them," that Bingham and her husband had brought to the hearing. The circuit court denied that postjudgment motion, and Casey appealed to this court.
On appeal, in his first three issues, Casey reasserts his contentions regarding the propriety of the district court's determinations regarding whether his answer was timely, whether a continuance was due to be granted on November 7, 2016, and whether the district court properly proceeded to determine the merits in Casey's absence notwithstanding Casey's contention that the circuit court's July 2016 order in the quiet-title/declaratory-judgment *292 action was nonfinal.[3] Bingham and her husband, in their appellees' brief, correctly note that the circuit court's role in this case was to hear the cause de novo and not to assess the correctness of the district court's judgment; our review, in turn, is limited to the correctness of the judgment of the circuit court, not the district court, as our decision in Crews v. Jackson, 218 So.3d 368 (Ala. Civ. App. 2016), makes clear:
"We note that it appears that a portion of Crews's arguments on appeal pertain to orders entered by the district court. Crews's appeal to the circuit court was a de novo appeal. See Ala. Code 1975, § 12-12-71 ('Except as provided in Section 12-12-72[, Ala. Code 1975,] and in subsection (e) of Section 12-15-120, [Ala. Code 1975,] all appeals from final judgments of the district court shall be to the circuit court for trial de novo.').
" ' " 'Alabama cases have consistently held that a trial de novo means an entirely new trial, "as if no trial had ever been had, and just as if it had originated in the circuit court." Cloverleaf Land Co. v. State, 276 Ala. 443, 163 So.2d 602 (1964).' " State v. Reynolds, 887 So.2d 848, 853 (Ala. 2004) (quoting Ex parte Palughi, 494 So.2d 404, 408 (Ala. 1986) ). "A trial de novo ... means 'trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered.' " Neal v. First Alabama Bank of Huntsville, N.A., 440 So.2d 1111, 1112 (Ala. Civ. App. 1983) (quoting Rudolph v. State, 286 Ala. 189, 190, 238 So.2d 542, 543 (1970) ) (emphasis omitted).
" 'In Cloverleaf Land Co. v. State, 276 Ala. 443, 445-46, 163 So.2d 602, 605 (1964), our supreme court stated:
" ' "[W]e held in Thompson v. City of Birmingham, 217 Ala. 491, 492, 117 So. 406, 407 [ (1928) ], 'A trial de novo means a new trial "as if no trial had ever been had, and just as if it had originated in the circuit court," ' citing Louisville & N.R.R. Co. v. Lancaster, 121 Ala. 471, 473, 25 So. 733, 735 [ (1899) ], wherein this court said:
" ' " '... The appeal [to be tried de novo], when taken, operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment. The judgment of the justice cannot upon the trial in the circuit court be looked to as a matter of evidence or of estoppel.' " '
" Petersen v. Woodland Homes of Huntsville, Inc., 959 So.2d 135, 139 (Ala. Civ. App. 2006).
"Thus, to the extent that Crews complains about the actions taken by the district court, we cannot reach those issues. The district court's judgment has been supplanted by the judgment rendered by the circuit court, and we may review only that judgment on appeal."
218 So.3d at 370-71.
However, Casey's fourth issue-that the circuit court improperly entered a *293 final judgment on the merits after notifying the parties of its intent to conduct only a pretrial hearing-is not so easily disposed of. As we have noted, the circuit court, after Casey filed his notice of appeal seeking a trial de novo before a jury,[4] entered, in sequence, an order setting the case for a bench trial on April 20, 2017, an order setting the case for a jury trial on June 19, 2017; an order setting the case for a pretrial hearing on June 19, 2017; and an order continuing that pretrial hearing by one calendar day to June 20, 2017. There is no indication in the record that the parties were informed on or before June 20, 2017, that the circuit court would consider the merits of the claims asserted by Bingham and her husband at what that court designated as a "pretrial hearing."
Alabama caselaw supports Casey's contention that the circuit court could not, through the vehicle of a pretrial hearing, summarily deny his statutory right to a trial de novo. "The pre-trial procedure established by Rule 16, [Ala.] R. Civ. P., is designed to clarify and simplify the issues to be tried." Arfor-Brynfield, Inc. v. Huntsville Mall Assocs., 479 So.2d 1146, 1149 (Ala. 1985). However, as Judge Crawley correctly noted in the main opinion in Brown v. Brown, 896 So.2d 573 (Ala. Civ. App. 2004),[5] the general rule is that "pretrial conferences are not intended to be a forum in which the parties present evidence." 896 So.2d at 575. Similarly, in issuing a writ of mandamus to a trial court to compel that court to allow a proposed amendment to a complaint after the holding of a pretrial conference, our supreme court, less than three years after the Alabama Rules of Civil Procedure became effective, deemed it important to emphasize that "the pre-trial conference is not a trial on the merits, and it should not result in an order so rigid as to preclude a full adjudication of each case." Huskey v. W.B. Goodwyn Co., 295 Ala. 1, 7 n.1, 321 So.2d 645, 648 n.1 (1975) (emphasis added).
The actions of the circuit court in this case, which encompassed scheduling a pretrial conference only to then review evidentiary submissions from Bingham and her husband and to thereafter enter a judgment in their favor on the merits of the case, are reminiscent of the former practice of some trial courts of granting "motions to compel" medical treatment in workers' compensation actions, thereby summarily granting a substantial portion of the relief sought by the employees in such actions without affording employers all of the process due under our adversarial system. This court noted the impropriety of that former practice in Ex parte Publix Super Markets, Inc., 963 So.2d 654 (Ala. Civ. App. 2007). Speaking through Judge Moore, this court first observed that nothing in the Alabama Workers' Compensation Act, Ala. Code 1975, § 25-5-1 et seq., "authorize[d] a circuit court with jurisdiction over a controversy regarding the necessity of medical benefits to decide, on a motion of the employee filed before a *294 trial and a determination on the merits, that the employer is compelled to provide medical or surgical treatment to the employee." 963 So.2d at 659. This court further concluded that such a motion was not properly cognizable under civil procedural rules governing discovery (because it sought a judgment on the merits), judgments on the pleadings (because the pleadings in that case showed a dispute regarding the employer's liability), and summary judgments (because a proper motion, supported by a narrative summary of undisputed facts revealed by documents on file, had not been filed and a hearing thereon had not been set by the trial court after proper notice). 963 So.2d at 659-60.
Just as the employee in a workers' compensation action "bears the burden of proving each and every fact prerequisite to a recovery of medical expenses, including the essential threshold fact that he or she sustained a work-related injury that necessitated the medical or surgical treatment obtained," Ex parte Publix, 963 So.2d at 661, plaintiffs in an action alleging unlawful detainer or forcible entry and detainer, such as Bingham and her husband, have the burden to prove "prior possession in [themselves] and either a forcible entry or an unlawful detainer by defendants, or else to show a title in [themselves] superior to that of defendants." Daniels v. Williams, 177 Ala. 140, 142, 58 So. 419, 420 (1912). The circuit court in this case implicitly concluded, after a review of evidentiary materials and other matters at a pretrial conference, that Bingham and her husband had met their substantive burden so as to entitle them to relief, yet the court did not thereby afford Casey his due-process rights to " 'notice [and] a hearing on the merits of the controversy in accord with that notice' " in ruling in their favor. Champion v. Champion, 693 So.2d 510, 511 (Ala. Civ. App. 1997) (emphasis added; quoting Opinion of the Justices No. 238, 345 So.2d 1354, 1355 (Ala. 1977) ).
Based upon the foregoing facts and authorities, we reverse the judgment of the Marshall Circuit Court and remand the cause for a trial, or other further proceedings, in Casey's de novo appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

Although the district court opined that that answer had been untimely filed, Bingham and her husband have conceded on appeal that Casey's district-court answer was timely. See generally Rule 12(dc), Ala. R. Civ. P. (providing that "a defendant shall serve an answer within seven (7) calendar days" of service in an unlawful-detainer action commenced in a district court), Rule 6(a), Ala. R. Civ. P. (providing that, when the last day of a period for performing a required act in a district court falls on a Sunday, "the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday"), and Rule 6(dc), Ala. R. Civ. P.

We note that, contrary to Rule 40(dc), Ala. R. Civ. P., less than 14 days' notice was provided of the trial date by the district court.

Casey's appellate brief invokes Rule 28(h), Ala. R. App. P., as authority for attaching an "appendix" purporting to be a filing in the quiet-title/declaratory-judgment action. That rule applies solely to reproduction of "statutes, rules, regulations," and similar materials. On our own motion, we hereby strike that "appendix" from consideration on appeal. See Hollingsworth v. Richardson, 72 So.3d 1262, 1263 n.1 (Ala. Civ. App. 2011) ("[T]his court does not consider 'appendices' to briefs that do not contain either material that also appears in the appellate record ... or statutory or regulatory material as to which Rule 28(h), Ala. R. App. P., applies." (second emphasis added) ).

To the extent that Bingham and her husband contend that the circuit court could disregard Casey's jury-trial demand because, they say, he failed to pay the required fee for a jury trial, we note that this court, in Proctor v. Garrison, 571 So.2d 1208 (Ala. Civ. App. 1990), held that a party should not be denied a jury trial solely based upon delinquency in payment of a jury-trial fee.

The main opinion in Brown was concurred in by two judges; however, in concurring in the result to reverse the trial court's judgment in that case, the author of this opinion differed with the main opinion only on the limited point of the necessity of overruling Aguilar v. Spradlin, 408 So.2d 525 (Ala. Civ. App. 1981). Brown, 896 So.2d at 576 (Pittman, J., concurring in the result); see also Radford v. Radford, 917 So.2d 155, 159 (Ala. Civ. App. 2005) (Pittman, J., concurring in the result).